# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT S. GARNER, on behalf of himself and all others similarly situated, | |
| Plaintiff, | C.A. No. 21-665 (SB) |
| v. | |
| GLOBAL PLASMA SOLUTIONS, INC., | |
| Defendant. | |

## DEFENDANT GLOBAL PLASMA SOLUTIONS, INC.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPAND THE SCOPE OF THE PROTECTIVE ORDER

OF COUNSEL

MCGUIREWOODS LLP

Robert A. Muckenfuss (admitted *pro hac vice*)
Kelly A. Warlich (admitted *pro hac vice*)
Fifth Third Center
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 343-2052
rmuckenfuss@mcguirewoods.com
kwarlich@mcguirewoods.com

R. Trent Taylor (admitted *pro hac vice*)
S. Virginia Bondurant Price (admitted *pro hac vice*)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(804) 775-1000
rtaylor@mcguirewoods.com
vbondurantprice@mcguirewoods.com

*Attorneys for Global Plasma Solutions, Inc.*

February 29, 2024

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Tammy L. Mercer (No. 4957)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
tmercer@ycst.com
swilson@ycst.com

*Attorneys for Global Plasma Solutions, Inc.*

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| INTRODUCTION AND SUMMARY OF ARGUMENT | 1 |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Associated Builders & Contrs. Western Pa. v. Cmty. Coll. of Allegheny Cty.*,
   81 F.4th 279 (3d Cir. 2023) ...................................................................................................3

*Cureton v. NCAA*,
   252 F.3d 267 (3d Cir. 2001)....................................................................................................3

*Dukes v. Fay Servicing, LLC*,
   No. 2018-64, 2023 U.S. Dist. LEXIS 168591 (D.V.I. Feb. 17, 2023) .......................................4

*Indemnity Ins. Co. v. Integrated Health Servs.*,
   375 B.R. 730 (D. Del. 2007)...................................................................................................4

*Jang v. Boston Sci. Scimed, Inc.*,
   729 F.3d 357 (3d Cir. 2013)....................................................................................................4

## INTRODUCTION AND SUMMARY OF ARGUMENT

Almost three years after initiating this action, Plaintiff Robert Garner and his counsel ask the Court to expand the Protective Order in this case to permit Keith Fishlock—a different client of Garner's counsel who filed a separate, nearly identical putative class action against GPS—to include confidential and attorneys' eyes only discovery material from this case in Fishlock's fourth complaint against GPS. Garner and his counsel expressly agreed in the Protective Order that protected discovery material could not be used in any other case. Moreover, even if the Protective Order did not prohibit this use, discovery closed in this case before Fishlock filed his second or third complaints against GPS, and Fishlock could have sought the relief necessary to include discovery material from this case in his second and third complaints but failed to do so. Moreover, Fishlock's proposed fourth complaint is futile. Therefore, Garner's motion should be denied because it is made for the purpose of allowing Fishlock to file an untimely, prejudicial, and futile amended complaint.

## NATURE AND STAGE OF PROCEEDINGS

On May 7, 2021, Garner filed this putative class action against GPS, asserting claims for fraud and fraudulent concealment, breach of express warranty, breach of the implied warranties of merchantability and fitness for a particular purpose, violation of the Magnusson-Moss Warranty Act, violation of state consumer protection statutes, and unjust enrichment. D.I. 1. On March 10, 2022, this Court dismissed all of Garner's claims except his fraud claim. D.I. 20. Thereafter, the Court entered the parties' Joint Stipulation and Proposed Protective Order ("Protective Order"), which provides that "[t]he Parties shall not use any Protected Material in connection with other litigations, lawsuits, or matters, including but not limited to those litigations where one of the Parties to this Litigation is a party." D.I. 33, ¶ 7.1. Fact discovery closed on April 24, 2023. D.I. 49. After the close of discovery, GPS moved for summary judgment on Garner's sole remaining

1

claim for fraud, and Garner moved for class certification. D.I. 81, 87. Both motions remain pending.

On December 2, 2022, Keith Fishlock—who is represented by the same counsel as Garner—initiated a separate putative class action against GPS, C.A. No. 22-1566-SB, that was nearly identical to the instant action filed by Garner ("Fishlock's First Complaint"). Fishlock voluntarily dismissed that action on May 2, 2023 after failing to effect proper service of process. D.I. 12.

On May 15, 2023, Fishlock refiled his putative class action lawsuit against GPS, C.A. No. 23-522-SB ("*Fishlock*"), asserting nearly identical allegations and claims ("Fishlock's Second Complaint"). GPS moved to dismiss Fishlock's Second Complaint on June 6, 2023. *Fishlock*, D.I. 5. On June 27, 2023, Fishlock filed an amended complaint—his third complaint against GPS ("Fishlock's Third Complaint"). *Fishlock*, D.I. 9. GPS filed a motion to dismiss Fishlock's Third Complaint on July 11, 2023, which remains pending. *Fishlock*, D.I. 11. On January 31, 2024, the Court entered an order in *Fishlock* stating that the Third Complaint is almost identical to Garner's complaint in this case and directing the parties to submit letter briefs addressing why the Court should or should not reach the same result and follow the same reasoning as it did in this case. *Fishlock*, D.I. 16. On February 9, 2024, Fishlock filed his letter brief in that case, stating in part that he intends to seek leave to file a fourth complaint but first needs relief from the Protective Order in this case. *Fishlock*, D.I. 21.

On February 15, 2024, Garner filed the instant motion requesting that the Court enter an order allowing the discovery in this case to be used in the *Fishlock* case. D.I. 123.

## ARGUMENT

Garner's motion does not state why he is asking the Court to allow discovery in this case to be used in the *Fishlock* case, but the letter brief that Garner's counsel filed on behalf of Fishlock

2

in that case makes clear that the purpose of Garner's motion is to allow Fishlock and his counsel to use discovery from this case in Fishlock's proposed amended complaint in that separate action. As an initial matter, Garner's motion should be denied for the simple reason that Garner does not have standing to seek relief on behalf of Fishlock. *See Associated Builders & Contrs. Western Pa. v. Cmty. Coll. of Allegheny Cty.*, 81 F.4th 279, 284 (3d Cir. 2023) (stating a "plaintiff generally must assert his own legal rights and interest").

Further, Garner's motion should be denied because it is made for the purpose of allowing Fishlock to file yet another complaint that adds another defendant and claim that is untimely, prejudicial, and futile both on the pleading itself and on the evidence. Garner argues that allowing the use of discovery materials from another case in similar cases involving the same counsel and defendant conserves the parties' time and resources and promotes judicial economy. But this is not the case where, as here, a party seeks to use discovery from another case not to avoid duplicative discovery, but to file an untimely, prejudicial, and futile motion for leave to amend that will needlessly expend more of the parties' and the Court's resources.

Indeed, GPS will not fully address here the merits of a motion to amend and reserves all arguments should Fishlock ultimately file such a motion, but even a cursory review of the circumstances present here leads to the conclusion that any motion to amend is unduly delayed and prejudicial. *See Cureton v. NCAA*, 252 F.3d 267, 272–73 (3d Cir. 2001) ("A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."). Discovery in this case commenced in April 2022 and closed on April 24, 2023—almost one year ago and before Fishlock even initiated the second *Fishlock* action. Thus, Fishlock's counsel had the documents and information on which Fishlock's proposed amended complaint is based as early as April 2022 and no later than

April 24, 2023, and there is no reason for their delay until now in seeking the relief necessary to include this material in Fishlock's First Complaint filed on December 2, 2022 or his Second Complaint filed on May 15, 2023. *See Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) (affirming denial of plaintiff's motion for leave to amend and stating "[t]his court has declined to reward a wait-and-see approach to pleading"); *Dukes v. Fay Servicing, LLC*, No. 2018-64, 2023 U.S. Dist. LEXIS 168591, at *9 (D.V.I. Feb. 17, 2023) ("[A] finding of dilatory motive is justified where the plaintiff acts in an effort to prolong litigation. Such efforts are apparent when the motion attempts to plead additional information that was previously available, and the plaintiff fails to provide an explanation as to why the information was not included in the original complaint." (citation and quotation marks omitted)).

In fact, even after Fishlock filed his Second Complaint, he could have sought the relief his counsel seeks now and included the amendments he proposes now in his amended Third Complaint filed on June 27, 2023. *Indemnity Ins. Co. v. Integrated Health Servs.*, 375 B.R. 730, 736 (D. Del. 2007) (stating "if the requested amendment is based upon facts known to the plaintiff at the time the previous complaint was amended, the amendment is disfavored").

In short, Garner's motion requesting that this Court permit Fishlock to use confidential and attorneys' eyes only discovery material for the purpose of seeking leave to file an untimely, prejudicial, and futile amended complaint should be denied.

4

## CONCLUSION

GPS respectfully requests that the Court deny Garner's Motion to Expand the Scope of the Protective Order.

| | |
|---|---|
| OF COUNSEL | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| MCGUIREWOODS LLP | |
| | /s/ Samantha G. Wilson |
| Robert A. Muckenfuss (admitted *pro hac vice*) | Adam W. Poff (No. 3990) |
| Kelly A. Warlich (admitted *pro hac vice*) | Tammy L. Mercer (No. 4957) |
| Fifth Third Center | Samantha G. Wilson (No. 5816) |
| 201 North Tryon Street, Suite 3000 | Rodney Square |
| Charlotte, North Carolina 28202 | 1000 North King Street |
| (704) 343-2052 | Wilmington, Delaware 19801 |
| rmuckenfuss@mcguirewoods.com | (302) 571-6600 |
| kwarlich@mcguirewoods.com | apoff@ycst.com |
| | tmercer@ycst.com |
| R. Trent Taylor (admitted *pro hac vice*) | swilson@ycst.com |
| S. Virginia Bondurant Price (admitted *pro hac vice*) | |
| Gateway Plaza | *Attorneys for Global Plasma Solutions, Inc.* |
| 800 East Canal Street | |
| Richmond, Virginia 23219 | |
| (804) 775-1000 | |
| rtaylor@mcguirewoods.com | |
| vbondurantprice@mcguirewoods.com | |

*Attorneys for Global Plasma Solutions, Inc.*

February 29, 2024

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 29, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

>Brian E. Farnan
>Michael J. Farnan
>FARNAN LLP
>919 North Market Street, 12th Floor
>Wilmington, DE 19801
>bfarnan@farnanlaw.com
>mfarnan@farnanlaw.com
>
>Steffan T. Keeton
>THE KEETON FIRM LLC
>100 S. Commons, Ste. 102
>Pittsburgh, PA 15212
>stkeeton@keetonfirm.com
>
>Michael A. Mills
>THE MILLS LAW FIRM
>52 D Brian Hollow Ln
>Houston, TX 77027
>mickey@millsmediation.com
>
>Dennis C. Reich
>John Benjamin Black
>REICH & BINSTOCK LLP
>4265 San Felipe, Suite 1000
>Houston, Texas 77024
>dreich@reichandbinstock.com
>bblack@reichandbinstock.com
>
>*Attorneys for Plaintiff and the Classes*

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

/s/ Samantha G. Wilson
Adam W. Poff (No. 3990)
Tammy L. Mercer (No. 4957)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6642
apoff@ycst.com
tmercer@ycst.com
swilson@ycst.com

*Attorneys for Defendant*
*Global Plasma Solutions Inc.*

Dated: February 29, 2024

2