IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT S. GARNER,

    *Plaintiff,*

    v.

GLOBAL PLASMA SOLUTIONS, INC.,

    *Defendant.*

No. 1:21-cv-00665-SB

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Dennis C. Reich, REICH & BINSTOCK, Houston, Texas; Steffan T. Keeton, KEETON FIRM LLC, Pittsburgh, Pennsylvania.

*Counsel for Plaintiff.*

Adam W. Poff, Samantha G. Wilson, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware; Kelly A. Warlich, MCGUIREWOODS, Charlotte, North Carolina; R. Trent Taylor, MCGUIREWOODS, Richmond, Virginia.

*Counsel for Defendant.*

### MEMORANDUM OPINION

October 22, 2024

BIBAS, *Circuit Judge*, sitting by designation.

Not every opportunity is taken. I let plaintiff's lawyers use discovery from this case in a related one. But I did not let the plaintiff in the related case amend his complaint because he missed a few chances to do so. Now, the lawyers ask me to

reconsider. They say that they amended only once, so I was mistaken about the facts. But passing up an opportunity is different from not having one in the first place. And plaintiff had plenty of chances that he just did not take. So I deny their motion to reconsider.

## I. BACKGROUND

This dispute sits at the crossroads of two related cases brought by two separate plaintiffs with the same lawyers. The plaintiffs are Robert Garner and Keith Fishlock. Fishlock bought an air cleaner made by Global Plasma Solutions and then sued the company in 2022. 1:22-cv-1566, Compl., D.I. 1. He hired a lawyer who had already brought a similar case against Global Plasma for a different client named Robert Garner the year before. 1:21-cv-665, D.I. 123 at 3. Garner's case progressed much faster: before a motion to dismiss was filed in Fishlock's case, one of Garner's claims survived a motion to dismiss and the parties had finished fact discovery. 1:21-cv-665, D.I. 19, D.I. 49.

But in Fishlock's case, things were going off track. Fishlock failed to serve Global Plasma. 1:22-cv-1566, D.I. 7. Then, when Global Plasma moved to dismiss Fishlock's suit on that ground, Fishlock filed his response brief weeks late. *See* 1:22-cv-1566, D.I. 11 at 2. He then asked to dismiss his case voluntarily, and I let him. 1:22-cv-1566, D.I. 13.

But he was not done. He filed a nearly identical complaint to the one he had just voluntarily dismissed, kicking off yet another suit. 1:23-cv-522, Compl., D.I. 1. Then, Fishlock amended that complaint. 1:23-cv-522, D.I. 8. I noted that it was "almost identical" to the one filed in Garner's case. 1:23-cv-522, D.I. 16. Confronted with

nearly identical complaints, I asked the parties to submit letter briefs explaining if my prior analysis ruling on Garner's motion to dismiss should apply to Fishlock's nearly identical complaint. *Id.* Fishlock's lawyers filed a brief that did not answer my question. Instead, they asked me to let them use discovery from Garner's case in Fishlock's. 1:23-cv-522, D.I. 21; 1:21-cv-665, D.I. 123. They said they would ask for leave to file another amended complaint using that discovery. 1:23-cv-522, D.I. 21.

I granted Fishlock's request to use discovery from Garner's case. 1:21-cv-665, D.I. 128. But I was clear that "Fishlock may not use discovery from Garner as a basis to further amend his complaint." *Id.* I explained that Fishlock had already had multiple opportunities to amend his complaint. *Id.*

## II. I DENY THE REQUEST TO RECONSIDER

Now, Fishlock asks me to reconsider. To prevail, a party asking the Court to reconsider must show that (1) the controlling law has changed, (2) there is new evidence, or (3) fixing a factual or legal error is necessary to prevent injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Fishlock argues for the third option. He says that he amended his complaint only once. So I must have "misapprehended the factual state of the Fishlock action when [I stated] that the Plaintiff has had multiple attempts to amend his complaint." 1:21-cv-665, D.I. 129 at 5. But that is not what I said. I said that Fishlock had multiple *opportunities* to amend. That does not mean that he took them.

I refused to let Fishlock amend using the discovery from Garner's case because Fishlock's lawyers had all the documents and information from discovery both before he refiled his complaint and when he amended his new complaint. That is because

3

fact discovery had ended in Garner's case before Fishlock filed the complaint that started this one. 1:21-cv-665, D.I. 49 (order setting April 23, 2024 as the deadline for fact discovery); 1:23-cv-522, Compl., D.I. 1 (complaint filed May 15, 2023). Amendment is disfavored when it is "based upon facts known to the plaintiff at the time the previous complaint was amended." *In Re Integrated Health Servs.*, 375 B.R. 730, 736 (D. Del 2007).

Fishlock's lawyers claim that they discovered new information *after* they amended the complaint. They say a deposition that they conducted after fact discovery ended revealed that a mysterious, unspecified entity owns Global Plasma, plans to strip it of assets, and will leave it as an empty shell. 1:21-cv-665, D.I. 125 at 4. They want to add that undisclosed entity as a defendant and bring RICO claims against it. *Id.* at 3.

Not so. This undisclosed entity appears to be Falfurrias Capital Partners. *See* D.I. 141 at 3–4. And its identity was disclosed in fact discovery. *See, e.g.*, 1:21-cv-665, D.I. 89-3 at 5; 89-36, 89-47. Besides, Fishlock's lawyers admitted in another motion before me that information about Falfurrias's acquisition was publicly available before Fishlock amended his complaint. 1:21-cv-665, D.I. 139 at 3–4. These inconsistent statements blow their credibility here.

Fishlock already had notice of Falfurrias when he filed his first complaint. And I correctly noted his multiple opportunities to amend his complaint to reflect that information. So I now deny the motion to reconsider.

4