IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT S. GARNER,

    *Plaintiff,*

    v.

GLOBAL PLASMA SOLUTIONS, INC.,

    *Defendant.*

No. 1:21-cv-00665-SB

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Dennis C. Reich, REICH & BINSTOCK, Houston, Texas; Steffan T. Keeton, KEETON FIRM LLC, Pittsburgh, Pennsylvania.

*Counsel for Plaintiff.*

Adam W. Poff, Samantha G. Wilson, YOUNG, CONAWAY, STARGATT & TAYLOR LLP, Wilmington, Delaware; Kelly A. Warlich, Hannah K. Caison, MCGUIREWOODS, Charlotte, North Carolina; R. Trent Taylor, MCGUIREWOODS, Richmond, Virginia; Addison E. Fontein, MCGUIREWOODS, Dallas, Texas.

*Counsel for Defendant.*

**MEMORANDUM OPINION**

March 10, 2025

BIBAS, *Circuit Judge*, sitting by designation.

Disputes between people sometimes become disputes between their lawyers. Brian Garner originally sued Global Plasma Solutions about an air purifier. *Garner*

*v. Global Pasma Solutions Inc.*, No. 1:21-cv-00065, 2024 WL 4554834, at *1 (D. Del. Oct. 22, 2024). His lawyers also represented another client, Keith Fishlock, who was bringing a similar claim. *Id.* After discovery in Garner's case, the lawyers wanted to amend the complaint in Fishlock's case to add another defendant: the company that owns Global Plasma. *Id.* They said that they could not have known about the parent company until discovery in Garner's case. *Id.* at *1–2. I denied that motion "because fact discovery had ended in Garner's case before Fishlock filed the complaint" that started his case. *Id.* at *2. The lawyers moved to reconsider. D.I. 129.

While that motion was pending, Garner and Fishlock's lawyers filed another complaint in Georgia. That complaint looks a lot like the one that they wanted to file as an amended complaint in Fishlock's case. *See* D.I. 134 at *7–16. Like the amended complaint, it makes arguments about the parent company. *Id.* But Garner's case had a protective order on discovery. D.I. 33. Using the information from discovery to file the new complaint could have violated the protective order. So Global Plasma's lawyers asked me to make plaintiff's lawyers show cause as to why they should not be sanctioned for violating the protective order by including information from it in the Georgia complaint. *Id.*

I then denied the motion to reconsider. Fishlock still could not amend his complaint because the relevant information about the parent company was publicly available. *Garner*, 2024 WL 4554834, at *2. That same logic now counsels against ordering Garner and Fishlock's lawyers to show cause.

2

Under Rule 37, I may treat the violation of a protective order as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). To hold a lawyer in civil contempt, I would need to find "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). I should "hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct," so any "ambiguities must be resolved in favor of the party charged with contempt." *Id.* (internal quotation marks omitted).

There is ambiguity here about the third prong: whether Garner's lawyers disobeyed the order. Global Plasma draws my attention to a series of similar passages in the proposed amended Fishlock complaint and the Georgia complaint. I agree that the language is similar—in some cases, strikingly so. But that does not answer whether the lawyers *used* the Garner discovery to lodge this complaint. The allegations in the Georgia complaint are essentially that the parent company helped drive decisions made by Global Plasma. But that can be inferred from publicly available information, as I previously held in denying the motion to reconsider. *See Garner*, 2024 WL 4554834 at *2 ("[I]nformation about [the parent company's] acquisition was publicly available before Fishlock amended his complaint.").

True, it is possible that Garner and Fishlock's lawyers learned about the acquisition only from discovery and not from the news. But that is precisely the kind of ambiguity that must be resolved in favor of the party charged with contempt. *See Quinter*

3

*v. Volkswagen of Am.*, 676 F.2d 969, 974 (3d Cir. 1982). So I deny the motion to show cause.