## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KEITH FISHLOCK, on behalf of

himself and all others similarly

situated,

        Plaintiff,

                                        C.A. No. 23-cv-522-SB

        v.

GLOBAL PLASMA SOLUTIONS, INC.,

        Defendant


ROBERT S. GARNER,

        Plaintiff,

                                        C.A. No. 21-cv-665-SB

        v.

GLOBAL PLASMA SOLUTIONS, INC.,

        Defendant


## [PROPOSED] JOINT FINAL PRETRIAL ORDER

# TABLE OF CONTENTS

I.   NATURE OF THE ACTIONS AND THE PLEADINGS ...................................3

II.   PARTIES ....................................................................................................4

III.   JURISDICTION AND STANDING ...........................................................5

IV.   UNCONTESTED FACTS ..........................................................................5

V.   STATEMENTS OF ISSUES OF FACT AND LAW THAT REMAIN TO BE LITIGATED.................................................................................................5

VI.   EXHIBITS .................................................................................................5

    A.   Trial Exhibits .................................................................................5

    B.   Stipulations Concerning Trial Exhibits.........................................7

    C.   Opening Statements, Trial and Demonstrative Exhibits.........................7

VII.   TRIAL WITNESSES AND DEPOSITION DESIGNATIONS .........................8

VIII.   BRIEF STATEMENT OF INTENDED PROOF ...........................................12

IX.   DESIRED AMENDMENTS TO PLEADINGS ..................................................12

X.   CERTIFICATIONS OF SETTLEMENT DISCUSSIONS ...................................12

XI.   MOTIONS *IN LIMINE* ...........................................................................12

XII.   MISCELLANEOUS ISSUES....................................................................13

    D.   Handling of Confidential Information at Trial........................................13

1

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3(c), and the Court's Scheduling Orders (*Fishlock*[1], D.I. 43; *Garner*[2], D.I. 25), Plaintiff Keith Fishlock ("Fishlock"), Plaintiff Robert S. Garner[3] ("Garner") (collectively "Plaintiffs") and Defendant Global Plasma Solutions, Inc. ("Defendant" or "GPS"), hereby jointly submit for the Court's approval their Proposed Joint Final Pretrial Order ("Order"), in advance of the Pretrial Conference scheduled to be held on April 24, 2025 at 9:00 a.m., and the jury trial scheduled to begin on May 12, 2025 at 9:30 a.m.

Defendant objects wholesale to Plaintiffs' Exhibit P1 as it was not provided to Defendant until the afternoon that the pretrial order was due. Nor did Plaintiff request a filing extension with adequate time for Defendant to consider it or for the Court to approve it. Given the timing of Plaintiffs' disclosures, Defendant reserves the right to amend this Order and/or its objections to Plaintiffs' positions at a later time. GPS's position is that this Order, as well as all exhibits attached hereto, assumes[4] that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial relates to GPS's statement regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020.[5]

---

[1] "*Fishlock*" refers to *Keith Fishlock v. Global Plasma Solutions Inc.*, No. 23-522.
[2] "*Garner*" refers to *Robert S. Garner v. Global Plasma Solutions Inc.*, No. 21-665.
[3] On April 17, 2025, Mr. Garner filed a motion to dismiss his claims with prejudice. The motion is pending before the Court, and if granted, this proposed order will need to be amended to remove items specific to Mr. Garner and his claims.
[4] GPS makes this assumption without waiver of its arguments raised in summary judgment against all of Fishlock's claims, which are unsupported by competent summary judgment evidence.
[5] GPS reserves the right to object to the consolidation of the cases for trial and to amend the Order if the Court's resolution of the pending motions for summary judgment and class certification in *Fishlock*

2

This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

## I.     NATURE OF THE ACTIONS AND THE PLEADINGS

1.     Plaintiffs Fishlock and Garner filed separate civil actions alleging fraud and deceptive practices against GPS. Plaintiffs allege that GPS's marketing, distribution, and sale of certain products that use needlepoint bipolar ionization technology ("Products") are ineffective and deceptively represented. Specifically, Plaintiffs allege that Defendant misrepresented the independence of testing commissioned by a third party.[6]

2.     Following the Court's Summary Judgment Ruling in *Garner*, the sole claim proceeding to trial from Plaintiff Garner's operative Complaint is based on an alleged fraudulent misrepresentation regarding certain testing being described as "independent." GPS filed a similar motion for summary judgment as to that filed in *Garner* regarding all of Plaintiff Fishlock's remaining claims on March 10, 2025, *Fishlock*, D.I. 73, which is presently pending before the Court.

3.     Following the Court's order denying Garner's motion to certify a class, the *Garner* action is proceeding as a single-plaintiff action. *Garner*, D.I. 143.

4.     Fishlock's motion to certify a class is currently pending before the Court. *Fishlock*, D.I. 68. Fishlock initially moved for an order certifying a multi-state class

---

is inconsistent with its resolution of the summary judgment and class certification motions in *Garner*. GPS further reserves the right to amend the Order pending any amendments, deletions or additions made by either of the Plaintiffs to the Order.

[6] After summary judgment, Mr. Garner's complaint was narrowed to only seek claims concerning the allegedly deceptive practices concerning the independent testing representations.

and a Delaware subclass, *id.*, but abandoned the multi-state class in his reply brief in support of his motion to certify a class, D.I. 88 at 1 n.2.

5.    Plaintiffs contend that they should be awarded damages adequate to compensate them for their economic injuries, pre- and post-judgment interest on those damages, punitive damages, and reasonable attorneys' fees. Plaintiff Fishlock further seeks to represent a class of those similarly situated.

6.    In its Answers in each action, GPS denies that it made any misrepresentation regarding its products. *Fishlock*, D.I. 39; *Garner*, D.I. 23. GPS contends that its representations regarding the independence of the testing commissioned by a third-party in 2020 were verifiable facts. GPS contends that Plaintiffs cannot identify any alleged false representation that GPS allegedly made to them. GPS contends that even if Plaintiffs could establish that GPS had made a misrepresentation to them, that they cannot establish that they relied on any such misrepresentation. GPS further contends that even if Plaintiffs could establish falsity and reliance that they cannot show that GPS made any false statement with the knowledge that it was false or with reckless indifference to its truth.

7.    GPS brings no counterclaims against Plaintiffs.

## II.    PARTIES

8.    Keith Fishlock: Fishlock is a Delaware citizen.

9.    Robert Garner: Garner is a Maryland citizen.

10.    Global Plasma Solutions, Inc. (d/b/a GPS Air): GPS is a Delaware corporation with its principal place of business located in Charlotte, North Carolina

III.    **JURISDICTION AND STANDING**

11.    This action arises under diversity jurisdiction under the Class Action Fairness Act. While Garner is no longer seeking claims on behalf of a class as a result of the Court's denial of his motion for class certification, *Garner*, D.I. 143, the Court retained jurisdiction of his individual claim. Fishlock's motion for class certification is currently pending. *Fishlock*, D.I. 68.

12.    Venue is proper in this judicial district under 28 U.S.C. § 1400(b). No party contests venue.

IV.    **UNCONTESTED FACTS**

13.    The parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**.

V.    **STATEMENTS OF ISSUES OF FACT AND LAW THAT REMAIN TO BE LITIGATED**

14.    Plaintiffs' Statement of Issues of Fact and Law That Remain to Be Litigated is attached as **Exhibit P1**.

15.    Global Plasma's Statement of Issues of Fact and Law That Remain to Be Litigated is attached as **Exhibit D1**.

VI.    **EXHIBITS**

    **A. Trial Exhibits**

16.    Presently, there are no joint trial exhibits. Any joint trial exhibits will be identified with the JTX prefix, starting with JTX-0001.

17.    Plaintiffs' list of exhibits that may be offered at trial and Global Plasma's objections to those exhibits are attached as **Exhibit P2**.[7]

18.    GPS's list of exhibits that may be offered at trial and Plaintiffs' objections to those exhibits are attached as **Exhibit D2**.

19.    The parties reserve their right to offer exhibits set forth on the other party's exhibit list, even if not set forth on their own exhibit list, subject to objections by the other party which are also reserved. If a party removes an exhibit from its list, the other party reserves its right to add the exhibit to its exhibit list, subject to objections by the other party, which are also reserved.

20.    By submitting the exhibit lists attached to this pretrial order, each party represents that it presently knows of no additional exhibits it intends to add to its list, and that the trial exhibits it identifies represents the entire universe of exhibits it intends to introduce into evidence at trial. Notwithstanding the foregoing, the parties reserve the right to use additional exhibits for rebuttal and impeachment purposes only. To the extent supplemental exhibits are identified, the parties agree to disclose any supplemental exhibits promptly after identification, and each party reserves the right to object to such supplemental exhibits as untimely, as well as on other grounds.

---

[7] The exhibit list and GPS' objections may be slightly amended. Plaintiff is waiting for Defendant's exhibits that were used in the depositions produced on April 14, 2025 by Defendant. Defendant has voluntarily agreed to produce those exhibits. Plaintiff reserves the right to include additional exhibits associated with the deposition transcripts that the Court ordered produced by April 14, 2025 at noon. Defense counsel has agreed to produce the documents but will not produce them until April 18, 2025 which is one day after the Court ordered deadline to submit the pre-trial order.

21.     The listing of an exhibit on a party's trial exhibit list does not constitute an admission as to the relevance or admissibility of that trial exhibit when used by the other party. The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document. Nothing herein shall be construed as a stipulation or admission that a document is entitled to any weight in deciding the merits of this case.

22.     On or before the first day of trial, all counsel will deliver to the courtroom deputy a completed AO Form 187 exhibit list for each party.

### B. Stipulations Concerning Trial Exhibits

23.     Absent agreement or stipulation of the parties or order of the Court, no exhibit will be admitted unless offered into evidence through a witness (including through deposition) who must at least be shown the exhibit. Experts may sponsor exhibits upon which they rely, and exhibits may be admitted through expert testimony, subject to any objections to the underlying exhibit as well as the provisions of Federal Rule of Evidence 703.

24.     Any exhibit, once admitted whether by agreement, stipulation, order or at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

### C. Opening Statements, Trial and Demonstrative Exhibits

25.     The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits.  Each demonstrative exhibit shall

identify by exhibit number all trial exhibits that form the basis of the demonstrative exhibit. Such identified trial exhibits referenced in the demonstrative exhibit and shown to a witness shall be offered into evidence during or at the conclusion of the examination for the witness with whom the demonstratives were used. The parties do not waive and explicitly preserve all objections to demonstrative exhibits.

## VII.    TRIAL WITNESSES AND DEPOSITION DESIGNATIONS

26.    Plaintiffs' list of witnesses they intend to call live at trial is below:

a. Max Sherman

b. Bud Offermann

c. Keith Fishlock

d. Robert Garner

e. Glenn A. Brinckman

f. Charles H. Waddell

27.    For witnesses who will appear by deposition, Plaintiffs' list of proposed deposition designations are attached as **Exhibit P3**.

28.    Defendant objects to Plaintiffs' proposed deposition designations of Charles Waddell, who was deposed solely in his capacity as an expert witness and therefore, his testimony has no relevance to the remaining claims at issue for trial.

29.    Defendant objects to Plaintiffs' proposed deposition designations of John Storey, who was deposed solely in his capacity as an expert witness and therefore, his testimony has no relevance to the remaining claims at issue for trial.

30.    Defendant's list of witnesses it intends to call live at trial are as follows:

a. Dr. Alexis Sauer-Budge

8

      b.  Dr. Lyle Burgoon

      c.  Charles Waddell

      d.  Glenn Brinckman

      e.  Kevin Boyle

31. To the extent any of the above witnesses testify at trial, the inclusion of duplicative deposition testimony previously designated will be inadmissible.

32. The listing of a witness on a party's witness list does not require the party to call that witness to testify and does not imply or establish that the listing party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

33. Any deposition testimony designated by any party may be used equally by any party, regardless of whether set forth as a designation or counter-designation, subject to all other objections a party may have to its admissibility. The parties are not required to designate deposition testimony that will be used for impeachment or deposition testimony that an expert will rely on during their trial testimony so long as that deposition testimony was cited in that expert's report. All objections and colloquy of counsel will be eliminated from the deposition designations when the designations are read or played to the Court.

34. The parties' witness lists represent the parties' good faith understanding and expectation about which witnesses are expected to be called live in person, or by deposition, at trial.

35.    To the extent that any of the witnesses identified by Plaintiff do not appear at trial, GPS reserves its right to designate their deposition testimony to be heard at trial.

36.    Fact witnesses appearing in person, other than a party or a party's corporate representative, shall be sequestered. Expert witnesses need not be sequestered.

37.    During adjournments in the trial of no more than five days, including breaks during the trial day and overnight, the offering party may discuss with a witness the subject matter of their testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced.  A party is prohibited from discussing with the witness the subject matter of their testimony once cross-examination has begun. After cross-examination of the witness is concluded and the witness is passed for redirect examination, the offering party may discuss with the witness the subject matter of their testimony on re-direct examination.

38.    **Witness Binders.**  Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the Court with copies of binders—and the other party with two copies of binders—containing the exhibits and demonstrative exhibits for use with the witness on direct examination.  Prior to the start of the cross-examination of any witness, the parties agree to provide the Court with copies of binders—and the other party with two copies

of binders—that contain all of the exhibits expected to be used on cross-examination of that witness.

39.    **Presentation of Deposition Designations.** All counter-designations will be played/read together with the affirmative designations in the order that the witness provided the testimony.  The side offering the witness will prepare the video clips/transcript to be played/read presenting all portions of the designated testimony in sequence. If an exhibit is referenced in a deposition designation, the exhibit is admitted into evidence if it is included on any party's trial exhibit list and is not otherwise objected to, subject to the provisions of this Section.  If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.  To the extent deposition designations are read or played in open court, each side will be charged the time taken to read or play its designations (or counter-designations).  Specifically, any affirmative designations offered by a party will count against that party's trial presentation time whereas any counter-designations by the other party will count against the party who made the counter-designations.  The time charged for designations played by video will be measured by the time on the video.  These procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video of a witness used for impeachment. Any deposition testimony of a witness may be used at trial for the purpose of impeachment of that witness, regardless of whether a party specifically identified that testimony

on its list of deposition designations, if the testimony is otherwise competent for such purpose.

40.    By 6:00 p.m. the evening before the witness is called by deposition, the offering side will provide a copy of the video or transcript containing all Parties' designations, consistent with any objections resolved by the Court.

## VIII.    BRIEF STATEMENT OF INTENDED PROOF

41.    In support of its claims and defenses, and in addition to the facts not in dispute, Defendant expects to offer the proofs attached as **Exhibit D3**.

## IX.    DESIRED AMENDMENTS TO PLEADINGS

42.    The parties are not seeking any amendments to the pleadings. The Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's Motion for Class Certification may in effect amend the pleadings.

## X.    CERTIFICATIONS OF SETTLEMENT DISCUSSIONS

43.    The parties have engaged in good-faith efforts to explore resolution of this case by settlement.  To date, the parties have not reached agreement.

## XI.    MOTIONS *IN LIMINE*

44.    GPS's first motion *in limine*, requests the exclusion of any evidence referencing Falfurrias, private equity, or the ownership structure of GPS and any evidence relating to profits, revenue, or payments made to owners. GPS requests that the trial be bifurcated in the event there is a punitive damages phase.

45.    GPS's second motion *in limine* requests the exclusion of any evidence referencing GPS's acceptance of federal funding, if any, including but not limited to funding disbursed through the CARES Act, if any.

12

46.     GPS's third motion *in limine* requests the exclusion of any evidence of damages beyond the purchase price of the product.[8]

47.     The parties respectfully request leave to submit briefing related to the foregoing motions separately, by Monday April 21, and are submitting a stipulation to the Court requesting same.

## XII.    MISCELLANEOUS ISSUES

### D. Handling of Confidential Information at Trial

48.     The Parties anticipate that the majority of trial will be open to the public and not sealed unless a party specifically requests by 8:30 a.m. the day of anticipated sealing that a particularly sensitive portion be sealed. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case.

49.     Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial. Within two weeks of the last day of trial, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval. Counsel for the Parties shall be responsible for supplying the necessary

---

[8] GPS intends to file a motion to bifurcate the issues of liability and damages.

envelopes and labels for any materials placed under seal. Within two weeks of the last day of trial, the Parties shall also make any corrections to the trial transcript.

_____

UNITED STATES CIRCUIT JUDGE

14

DATED: April 17, 2025

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

REICH & BINSTOCK LLP
Dennis C. Reich, Esq. (*pro hac vice*)
4265 San Felipe, Suite 1000
Houston, TX 77024
Phone: (713) 622-7271
Fax: (713) 623-8724
dreich@reichandbinstock.com

THE MILLS LAW FIRM
Michael A. Mills, Esq. (*pro hac vice*)
8811 Gaylord Drive
Suite 200
Houston, TX 77024
Phone: (832) 548-4414
Fax: (832) 327-7443
mickey@millsmediation.com

THE KEETON FIRM LLC
Steffan T. Keeton, Esq. (*pro hac vice*)
100 S Commons, Ste. 102
Pittsburgh, PA 15212
1-888-412-5291
stkeeton@keetonfirm.com

*Attorneys for Plaintiff*

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Samantha G. Wilson
Adam W. Poff (No. 3990)
Tammy L. Mercer (No. 4957)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
tmercer@ycst.com
swilson@ycst.com

MCGUIREWOODS LLP
Robert A. Muckenfuss (admitted *pro hac vice*)
Kelly A. Warlich (admitted *pro hac vice*)
Fifth Third Center
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
(704) 343-2052
rmuckenfuss@mcguirewoods.com
R. Trent Taylor (admitted *pro hac vice*)
S. Virginia Bondurant Price (admitted *pro hac vice*)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
(804) 775-1000
rtaylor@mcguirewoods.com
vbondurantprice@mcguirewoods.com

*Counsel for Global Plasma Solutions, Inc.*

# EXHIBIT 1

## STATEMENT OF UNCONTESTED FACTS

1. On March 24, 2021, Garner purchased an FC48 NPBITM device manufactured by GPS (the "Garner GPS Device").

2. Garner purchased the Garner GPS Device to install in the home of his parents.

3. Garner had the Garner GPS Device shipped to his parents' home in Maryland, and it arrived on April 26, 2021.

4. Garner and his friend from high school, Ryan Weitzel ("Weitzel"), installed the Garner GPS Device in the heating, ventilation, and air conditioning system in the attic of his parents' house and turned it on.

5. Garner's parents were home when he and Weitzel installed the Garner GPS Device in their home.

6. Garner never told his parents that he purchased the Garner GPS Device.

7. Garner never told his parents that he installed the Garner GPS Device in their home.

8. Garner had never previously installed an air cleaning device.

9. Garner uninstalled the Garner GPS Device from his parents' home on or around May 3 or May 4, 2021.

10. In 2020, Fishlock hired R. Brooks Mechanical ("RBM") to replace his HVAC.

11. Fishlock purchased one GPS-FC24-AC device for $750 which RBM installed in his home on December 20, 2020 (the "Fishlock GPS Device").

12. In April of 2021, Fishlock disconnected the Fishlock GPS Device.

13. The Fishlock GPS Device remains in Fishlock's home.

# EXHIBIT P1

## <u>PLAINTIFF'S STATEMENT OF ISSUES OF FACT AND LAW THAT REMAIN TO BE LITIGATED</u>

The *Fishlock* Case

1. Whether GPS made false representations about its supposedly independent testing to consumers regarding GPS' NPBI air filtration device.
2. Whether Plaintiff relied on GPS's representations about its supposedly independent testing when purchasing their device.
3. Whether GPS knowingly made false representations about its supposedly independent testing or was recklessly indifferent to the truth of that statement.
4. Whether GPS made false representations about the efficacy of its NPBI air filtration device in inactivating the SARS-CoV-2 virus from the air.
5. Whether Plaintiff relied on GPS's representations about the efficacy of its NPBI air filtration device in inactivating the SARS-CoV-2 virus from the air when purchasing their device.
6. Whether GPS knowingly made false representations about the efficacy of its NPBI air filtration device in inactivating the SARS-CoV-2 virus from the air was false or was recklessly indifferent to the truth of that statement.
7. Whether GPS created a warranty of merchantability regarding the efficacy and testing of its NPBI air filtration device when it sold the device to Plaintiff.
8. Whether Plaintiff relied upon this warranty of merchantability when purchasing their device.
9. Whether GPS breached this warranty of merchantability by selling Plaintiff a product that did not adhere to this warranty.
10. Whether GPS violated the Delaware Consumer Fraud Act ("DCFA") with deceptive trade practices regarding the efficacy and testing of its NPBI air filtration device.

The *Garner* Case

11. Whether GPS made false representations about its supposedly independent testing to consumers regarding GPS' NPBI air filtration device.
12. Whether Plaintiff relied on GPS's representations about its supposedly independent testing when purchasing their device.
13. Whether GPS knowingly made false representations about its supposedly independent testing or was recklessly indifferent to the truth of that statement.

# EXHIBIT P2

| Exhibit Number | Document Date | Document Description | Bates Identifier |
|---|---|---|---|
| 1 | 10/23/17 | Blue Heaven Test Results | GPSDE_0200155634 |
| 2 | 10/22/18 | Charles Waddell Employment Contract with Global Plasma Solutions | GPSDE_0200280875-GPSDE_0200280884 |
| 3 | 6/5/19 | GPS Sales Presentation January 31, 2019 | GPSDE_0200068243-GPSDE_0200068294 |
| 4 | 1/22/20 | Email chain between Charles Waddell and Gary Graham | GPSDE_0200007080-GPSDE_0200070782 |
| 5 | 1/24/20 | Email chain with Charles Waddell discussing coronavirus testing | GPSDE_0200007103 |
| 6 | 1/26/20 | Email chain with Charles Waddell discussing coronavirus | GPSDE_0200007119 |
| 7 | 1/30/20 | GPS Budgeting and Forecasting | GPSDE_0200278058 |
| 8 | 3/4/20 | Email discussing coronavirus testing | GPSDE_0200071972 |
| 9 | 3/5/20 | Todd Beeler email discussing virus killing | GPSDE_0200072034 |
| 10 | 3/8/20 | Internal emails discussing coronavirus testing | GPSDE_0200008077 |
| 11 | 3/9/20 | GPS Coronavirus Press Release | GPSDE_0200266092 |
| 12 | 3/9/20 | Emails between Glenn Brinckman and numerous FCP employees discussing coronavirus | GPSDE_0200008083 |
| 13 | 3/9/20 | Emails between Glenn Brinckman and numerous FCP employees discussing coronavirus | GPSDE_0200008096-GPSDE_0200008097 |
| 14 | 3/9/20 | Email chain discussing coronavirus "blitz" | GPSDE_0200072141 |
| 15 | 3/9/20 | GPS Coronavirus Press Release | GPSDE_0200072126 |
| 16 | 3/9/20 | WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 from March 9, 2020 (Ex. 24 Fishlock Class Cert Opening Brief) | N/A |
| 17 | 3/11/20 | WHO Director-General's Opening Remarks at the Media Briefing on COVID-19 from March 11, 2020 (Ex. 26 Fishlock Class Cert Opening Brief) | N/A |
| 18 | 3/11/20 | Emails between Glenn Brinckman and numerous FCP employees marketing NPBI | GPSDE_0200008160-GPSDE_0200008161 |
| 19 | 3/12/20 | Emails discussing Willett Order | GPSDE_0200266095 |
| 20 | 3/15/20 | Marketing email entitled "Partnership with Global Plasma Solutions" | GPSDE_0200266152-GPSDE_0200266153 |
| 21 | 3/17/20 | GPS Presentation (3/18/2020) | GPSDE_0200008830-GPSDE_0200008855 |
| 22 | 3/19/20 | Email chain between GPS and FCP employees discussing coronavirus testing | GPSDE_0200009299-GPSDE_0200009309 |
| 23 | 4/16/20 | Email chain between GPS and FCP employees discussing competitors | GPSDE_0200012452-GPSDE_0200012457 |
| 24 | 4/20/20 | Glenn Brinckman sending FCP coronavirus (feline) test results | GPSDE_0200013494 |
| 25 | 4/22/20 | Email chain between GPS and FCP employees discussing coronavirus testing | GPSDE_0200013996-GPSDE_0200013997 |
| 26 | 4/27/20 | Emails between Glenn Brinckman and numerous FCP employees marketing NPBI | GPSDE_0200014698-GPSDE_0200014700 |
| 27 | 4/29/20 | Emails between Glenn Brinckman and numerous FCP employees marketing NPBI | GPSDE_0200014917-GPSDE_0200014918 |
| 28 | 4/29/20 | Emails between Glenn Brinckman and numerous FCP employees marketing NPBI | GPSDE_0200014945-GPSDE_0200014946 |
| 29 | 5/1/20 | Email chain discussing whether NPBI deactivates bacteria and/or viruses. | GPSDE_0200015250- GPSDE_0200012253 |
| 30 | 5/6/20 | Email chain discussing Charlottes Business Journal article about GPS. | GPSDE_0200016109-GPSDE_0200016112 |
| 31 | 5/7/20 | GPS Board of Director Presentation (May 2020) | GPSDE_0200018968-GPSDE_0200019002 |
| 32 | 5/15/20 | GPS discussing NPBI and coronavirus with potential customer. | GPSDE_0200267402-GPSDE_0200267404 |
| 33 | 5/17/20 | GPS discussing NPBI and coronavirus with potential customer. | GPSDE_0200177728-GPSDE_0200017732 |
| 34 | 5/21/20 | Global Plasma Solutions Webinar May 21 2020 (https://www.youtube.com/watch?v=5XLEO1yMxoQ) | N/A |
| 35 | 5/21/20 | May 2020 AEESC Zoom Meeting: Air Purification with Global Plasma Solutions (https://www.youtube.com/watch?v=6HseXCQ54Yw) | N/A |
| 36 | 5/22/20 | GPS and FCP employees discussing release of air quality test results | GPSDE_0200019255 |
| 37 | 5/27/20 | Document entitled "Independent Laboratory Test Results" | GPSDE_0200130549 |
| 38 | 5/28/20 | GPS supplier contract | GPSDE_0200280527-GPSDE_0200280533 |
| 39 | 5/29/20 | Email chain with GPS and customer discussing coronavirus testing and CARES ACT funding | GPSDE_0200085699-GPSDE_0200085701 |
| 40 | 5/31/20 | Email discussing ion output levels and testing | GPSDE_0200085822-GPSDE_0200085828 |
| 41 | 6/3/20 | Email discussing coronavirus testing | GPSDE_0200021436-GPSDE_0200021437 |
| 42 | 6/3/20 | Archived version of GPS website FAQ | N/A |
| 43 | 6/4/20 | Email chain with GPS and FCP discussing coronavirus testing | GPSDE_0200021453-GPSDE_0200021454 |
| 44 | 6/5/20 | Email chain between Charles Waddell and David Shurk | GPSDE_0200022543-GPSDE_0200022548 |
| 45 | 6/7/20 | Email chain between Charles Waddell and Carrier West | GPSDE_0200022326-GPSDE_0200022328 |
| 46 | 6/7/20 | Email chain between Charles Waddell and David Shurk | GPSDE_0200022291-GPSDE_0200022294 |
| 47 | 6/9/20 | "Press release" email alerting people to upcoming test result release. | GPSDE_0200094088 |
| 48 | 6/9/20 | Carrier and GPS email chain discussing marketing | GPSDE_0200094503 |
| 49 | 6/10/20 | Customer asking GPS for help with answering questions | GPSDE_0200038753-GPSDE_0200038754 |
| 50 | 6/10/20 | The "Virtually Eliminates" Press Release | GPSDE_0200095944 |
| 51 | 6/10/20 | Marketing email from GPS to customer touting coronavirus testing results | GPSDE_0200095667 |
| 52 | 6/16/20 | Email chain discussing coronavirus testing, its limitations, and how to get around customer complaints | GPSDE_0200024723-GPSDE_0200024724 |
| 53 | 6/17/20 | Email chain discussing "propaganda" to send customers | GPSDE_0200024813 |
| 54 | 6/17/20 | GPS Ionization Air Purifier Technical Webinar (https://www.youtube.com/watch?v=NAu08jpF0I8) | N/A |
| 55 | 6/26/20 | Yale Mechanical marketing document | GPSDE_0200026225 |
| 56 | 6/26/20 | Email chain discussing ion output levels and coronavirus | GPSDE_0200026145 |
| 57 | 7/1/20 | Carrier West marketing document discussing coronavirus testing | GPSDE_0200099895 |
| 58 | 7/4/20 | Email chain between GPS and FCP employees discussing coronavirus marketing | GPSDE_0200026904-GPSDE_0200026905 |
| 59 | 7/9/20 | Email chain discussing coronavirus killing effectiveness of NPBI | GPSDE_0200101623 |
| 60 | 7/15/20 | Email chain discussing GPS control of markets and distributors of NPBI technology | GPSDE_0200102362- GPSDE_0200102365 |
| 61 | 7/22/20 | Email between Charles Waddell and ACA discussing testing | GPSDE_0200029130 |
| 62 | 7/24/20 | GPS Financial Overview | GPSDE_0200029272 |

| 63 | 7/24/20 | GPS Financial Overview (through June 2020) | GPSDE_0200029239 |
|---|---|---|---|
| 64 | 7/26/20 | FCP and GPS discussing marketing materials to send to potential customer | GPSDE_0200029391-GPSDE_0200029392 |
| 65 | 7/27/20 | FCP and GPS discussing coronavirus marketing results | GPSDE_0200029539-GPSDE_0200029541 |
| 66 | 7/27/20 | FCP and GPS discussing coronavirus marketing results | GPSDE_0200029465-GPSDE_0200029467 |
| 67 | 7/28/20 | FCP and GPS discussing coronavirus marketing results | GPSDE_0200029680-GPSDE_0200029682 |
| 68 | 7/31/20 | FCP and GPS discussing news article and scientists concerning air quality and coronavirus | GPSDE_0200030221-GPSDE_0200030222 |
| 69 | 8/4/20 | GPS email chain discussing lab payments | GPSDE_0200030625 |
| 70 | 8/12/20 | GPS, Hugh McColl III, and FCP employees discussing marketing efforts | GPSDE_0200270217-GPSDE_0200270224 |
| 71 | 8/15/20 | GPS and Servicelogic email chain discussing Hugh McColl marketing efforts | GPSDE_0200107041-GPSDE_0200107044 |
| 72 | 8/18/20 | GPS employees discussing coronavirus testing | GPSDE_0200107314 |
| 73 | 8/25/20 | Waddell discussing coronavirus testing | GPSDE_0200034118-GPSDE_0200034120 |
| 74 | 8/30/20 | GPS email chain discussing Hugh McColl marketing efforts | GPSDE_0200270964-GPSDE_0200270965 |
| 75 | 8/31/20 | GPS and Hugh McColl III  discussing marketing efforts | GPSDE_0200035381-GPSDE_0200035385 |
| 76 | 9/2/20 | GPS, Hugh McColl III, and FCP employees discussing marketing efforts | GPSDE_0200035565-GPSDE_0200035569 |
| 77 | 9/2/20 | GPS, Hugh McColl III, and FCP employees discussing marketing efforts | GPSDE_0200035618-GPSDE_0200035623 |
| 78 | 9/3/20 | GPS and Hugh McColl III  discussing marketing efforts | GPSDE_0200271067-GPSDE_0200271072 |
| 79 | 9/3/20 | Hugh McColl III  marketing email with GPS employees CC'd | GPSDE_0200271081-GPSDE_0200271082 |
| 80 | 9/3/20 | GPS and FCP employees going slide-by-slide review of lender presentation | GPSDE_0200035702-GPSDE_0200035735 |
| 81 | 9/4/20 | GPS and FCP employees going slide-by-slide review of lender presentation | GPSDE_0200035816-GPSDE_0200035824 |
| 82 | 9/6/20 | GPS Lender Presentation | GPSDE_0200036080-GPSDE_0200036113 |
| 83 | 9/8/20 | GPS and FCP employees going slide-by-slide review of lender presentation | GPSDE_0200036158 |
| 84 | 9/8/20 | GPS and FCP employees going slide-by-slide review of lender presentation | GPSDE_0200036301-GPSDE_0200036303 |
| 85 | 9/15/20 | IBA needing GPS to confirm how to respond to inquiries about testing procedures | GPSDE_0200037125 |
| 86 | 9/16/20 | GPS and customer discussing test results and how to respond to inquiries. | GPSDE_0200037243- GPSDE_0200037250 |
| 87 | 9/17/20 | GPS email chain discussing ion levelss and customer expectations | GPSDE_0200037425 |
| 88 | 9/30/20 | FCP and GPS discussing coronavirus marketing | GPSDE_0200039270-GPSDE_0200039274 |
| 89 | 10/2/20 | Tom Beutell email discussing killing covid and independent testing | GPSDE_0200117742 |
| 90 | 10/4/20 | Glenn Brinckman notes about NPBI | GPSDE_0200039456 |
| 91 | 10/7/20 | GPS Management Presentation | GPSDE_0200039657-GPSDE_0200039703 |
| 92 | 10/7/20 | GPS Management Presentation | GPSDE_0200052146-GPSDE_0200052156 |
| 93 | 10/9/20 | FCP and GPS discussing  marketing | GPSDE_0200039993-GPSDE_0200039999 |
| 94 | 10/19/20 | GPS discussing FCP's sales efforts with Black Rock. | GPSDE_0200121128-GPSDE_0200121136 |
| 95 | 10/21/20 | Distributor complaining to GPS about lack of independent testing | GPSDE_0200271686 |
| 96 | 10/28/20 | Email chain discussing NPBI's ability to kill coronavirus in regards to an NBA arena application | GPSDE_0200271794 |
| 97 | 11/3/20 | Email chain between GPS and customer discussing ASHRAE | GPSDE_0200125208 |
| 98 | 11/4/20 | Tim Boyd email to potential customer discussing coronavirus testing | GPSDE_0200125359 |
| 99 | 11/4/20 | GPS Sales Presentation | GPSDE_0200278202 |
| 100 | 11/5/20 | Offerman "Snake Oil" Article | GPSDE_0200042437-GPSDE_0200042444 |
| 101 | 11/11/20 | GPS and John Deere discussing testing results | GPSDE_0200127433-GPSDE_0200127434 |
| 102 | 11/17/20 | GPS employee presentation notes for presentation to lenders | GPSDE_0200042844-GPSDE_0200042867 |
| 103 | 11/19/20 | GPS email chain with potential-customer Amazon discussing covid effectiveness | GPSDE_0200129653- GPSDE_0200129655 |
| 104 | 11/23/20 | Charles Waddell presentation "How to Make your HVAC System Pandemic Ready using Needlepoint Bipolar Ionization" | GPSDE_0200130477-GPSDE_0200130488 |
| 105 | 12/1/20 | GPS Financial Overview (through October 2020) | GPSDE_0200278166 |
| 106 | 12/2/20 | GPS employee response to customer questions | GPSDE_0200132673 |
| 107 | 12/14/20 | Email chain discussing coronavirus marketing efforts and results | GPSDE_0200135333 |
| 108 | 12/15/20 | "Keep Your Kids Safe" Advertisement | GPSDE_0200135572 |
| 109 | 1/19/21 | GPS Coronavirus Funding Marketing Brochure | GPSDE_0200272387-GPSDE_0200272389 |
| 110 | 1/19/21 | Email  distributing federal funding marketing materials from GPS | GPSDE_0200140537 |
| 111 | 1/20/21 | GPS materials required to answer customer questions | GPSDE_0200141634-GPSDE_0200141636 |
| 112 | 1/25/21 | Distributor and GPS email chain discussing NPBI and misleading customers | GPSDE_0200046980 |
| 113 | 1/26/21 | GPS email discussing incentives to offer potential labs/scientists testing NPBI | GPSDE_0200047030 |
| 114 | 1/26/21 | GPS email chain attempting to get Purdue Universityh professor's approval of technology | GPSDE_0200047024- GPSDE_0200047025 |
| 115 | 1/26/21 | GPS email chain attempting to get Purdue Universityh professor's approval of technology | GPSDE_0200046989- GPSDE_0200046991 |
| 116 | 1/27/21 | GPS email discussing incentives to offer potential labs/scientists testing NPBI | GPSDE_0200047037 |
| 117 | 2/1/21 | GPS and distributor discussing how to resolve customer complaints | GPSDE_0200144469 |
| 118 | 2/4/21 | Distributor asking GPS for coronavirus testing results | GPSDE_0200048459- GPSDE_0200048504 |
| 119 | 2/22/21 | GPS email chain discussing successful sales and comparing to other competition in marketplace | GPSDE_0200049716-GPSDE_0200049728 |
| 120 | 2/24/21 | GPS Coronavirus Funding Marketing Brochure | GPSDE_0200152873-GPSDE_0200152875 |
| 121 | 2/26/21 | GPS  email discussing coronavirus testing and specifics of chamber design | GPSDE_0200049957 |
| 122 | 3/1/21 | Global Plasma Solutions website captured on March 1, 2021 (Ex. 7 Fishlock Class Cert Opening Brief) | N/A |
| 123 | 3/11/21 | Waddell marketing letter focused on coronavirus effectiveness | GPSDE_0200159185 |
| 124 | 3/12/21 | Email chain between Service Logic and GPS discussing marketing | GPSDE_0200159498 |
| 125 | 3/12/21 | FCP and GPS discussing scientists attempting to expose NPBI's ineffectiveness | GPSDE_0200051231-GPSDE_0200051239 |
| 126 | 3/12/21 | FCP and GPS discussing scientists attempting to expose NPBI's ineffectiveness | GPSDE_0200051207-GPSDE_0200051209 |
| 127 | 3/16/21 | GPS email discussing federal funding | GPSDE_0200160384-GPSDE_0200160385 |
| 128 | 3/17/21 | GPS and FCP discussing testing specifics (re: Dr. Stephens study) | GPSDE_0200052114-GPSDE_0200052115 |
| 129 | 3/17/21 | GPS and FCP discussing testing specifics (re: Dr. Stephens study) | GPSDE_0200052164-GPSDE_0200052165 |
| 130 | 3/23/21 | GPS OEM Agreement | GPSDE_0200280718 |

| # | Date | Description | Bates |
|---|------|-------------|-------|
| 131 | 3/24/21 | Berkeley USD Covid Strategies Webinar (https://www.youtube.com/watch?v=FfotIZH6SG0) | N/A |
| 132 | 3/26/21 | GPS Marketing Brochure | GPSDE_0200163741- GPSDE_0200163743 |
| 133 | 3/31/21 | GPS Response to TRANE Study | GPSDE_0200053821- GPSDE_0200053852 |
| 134 | 4/1/21 | Thrivaire Marketing Brochure | GPSDE_0200166255 |
| 135 | 4/5/21 | GPS and FCP preparing for sales meeting | GPSDE_0200054229-GPSDE_0200054230 |
| 136 | 4/5/21 | GPS Presentation | GPSDE_0200054242-GPSDE_0200054276 |
| 137 | 4/6/21 | GPS email chain discussing concerned parents in a school district | GPSDE_0200054369 |
| 138 | 4/7/21 | GPS and distributor discussing concerns in school district | GPSDE_0200054445 |
| 139 | 4/10/21 | GPS discussing testing concerns (re: EPA) | GPSDE_0200054758- GPSDE_0200054759 |
| 140 | 4/16/21 | Hugh McColl III  marketing email with GPS employees CC'd | GPSDE_0200170969-GPSDE_0200170971 |
| 141 | 4/19/21 | GPS email chain discussing how to attack scientists speaking out against NPBI | GPSDE_0200171550-GPSDE_0200171554 |
| 142 | 4/19/21 | GPS Distributor Marketing Document entitled "Vaccinate School Facilities with Needlepoint Bipolar Ionization" | GPSDE_0200273424 |
| 143 | 4/19/21 | GPS response to Mother Jones article | GPSDE_0200056045 |
| 144 | 4/28/21 | Yicheng Zeng, Mohammad Heidarinejad, Brent Stephens, *Evaluation of an in-duct bipolar ionization device on particulate matter and gas-phase constituents in a large test chamber*, Building and Environment, Volume 213, 2022, 108858, ISSN 0360-1323, https://doi.org/10.1016/j.buildenv.2022.108858. | N/A |
| 145 | 5/10/21 | GPS email to distributor about Garner lawsuit | GPSDE_0200189109-GPSDE_0200189111 |
| 146 | 5/12/21 | Email chain with GPS and distributor discussing order details | GPSDE _0200190476-GPSDE_0200190488 |
| 147 | 5/13/21 | GPS email chain about Garner lawsuit | GPSDE_0300003841 |
| 148 | 5/18/21 | Global Plasma Solutions website captured on May 18, 2021 (Ex. 8 Fishlock Class Cert Opening Brief) | N/A |
| 149 | 5/21/21 | GPS email chain about Garner lawsuit | GPSDE_0200063094-GPSDE_0200063096 |
| 150 | 5/23/21 | GPS email chain about Garner lawsuit | GPSDE_0300002141-GPSDE_0300002143 |
| 151 | 6/9/21 | GPS sending IBA test results | GPSDE_0200233524-GPSDE_0200233525 |
| 152 | 6/15/21 | NORA Letter | GPSDE_0200066742 |
| 153 | 6/30/21 | GPS discussing NORA Letter response | GPSDE_0200066739-GPSDE_0200066741 |
| 154 | 7/2/21 | GPS email chain discussing consumer concerns about NPBI backlash | GPSDE_0200245195-GPSDE_0200245200 |
| 155 | 7/5/21 | Email chain between Glenn Brinckman and TRANE discussing antagonists in the market | GPSDE_0200050447- GPSDE_0200050450 |
| 156 | 8/3/21 | GPS email discussing news broadcast about NPBI | GPSDE_0200255683 |
| 157 | 9/15/21 | GPS email chain discussing test results | GPSDE_0300006728-GPSDE_0300006729 |
| 158 | 10/28/21 | Global Plasma Solutions website captured on October 28, 2021 (Ex. 10 Fishlock Class Cert Opening Brief) | N/A |
| 159 | 11/15/21 | GPS sales representative agreement | GPSDE_0200280473- GPSDE_0200280474 |
| 160 | 11/30/21 | GPS Sales Spreadsheet (2017 through Oct 2021) | GPSDE_0200277475 |
| 161 | 5/25/22 | GPS Sales Spreadsheet | GPSDE_0200278033 |
| 162 | 11/12/22 | *Large-scale evaluation of microorganism inactivation by bipolar ionization and photocatalytic devices*, Katherine M. Ratliff, November 2022 Building and Environment 227(1):109804 DOI:10.1016/j.buildenv.2022.109804. | N/A |
| 163 | 12/8/22 | White House Office of Science and Technology's December 8, 2022 press release, obtained via the Internet Archive | N/A |
| 164 | 6/3/23 | Expert report of Dr. Max Sherman, dated June 3, 2023 | N/A |
| 165 | 6/5/23 | *Global Plasma Solutions v. Elsevier*, 3:22-cv-00034, Amended Complaint (ECF No. 39) | N/A |
| 166 | 9/20/23 | Expert report of Francis Offerman, dated September 20, 2023 | N/A |
| 167 | 10/24/23 | Deposition of John M.E. Storey on Oct. 24, 2023 and all exhibits used. | N/A |
| 168 | 10/27/23 | Charles Waddell's condensed deposition transcript and video (including all exhibits used) dated October 27, 2023 | N/A |
| 169 | 10/27/24 | *Bipolar Ionization Did Not Reduce Airborne Bacteria in a Lecture Hall*, Alwin A. Kormos, Nishit J. Shetty, Elliott T. Gall, Aaron J. Prussin II, Amy Pruden, and Linsey C. Marr ACS ES&T Air 2024 1 (12), 1696-1705 DOI: 10.1021/acsestair.4c00235. | N/A |
| 170 | 12/4/24 | Plaintiff's Objections and Responses to Defendants First Set of Interrogatories (including all exhibits) | N/A |
| 171 | 1/21/25 | Keith Fishlock's condensed deposition transcript (including all exhibits used) dated January 21, 2025 | N/A |
| 172 | 1/21/25 | GPS Objections and Responses to Plaintiff's First Set of Interrogatories (Response to Interrogatory 1) | N/A |
| 173 | 3/24/25 | Declaration of Francis J. Offermann PE CIH (Ex. F-18 Fishlock Opposition to MSJ) | N/A |
| 174 | 3/24/25 | Declaration of Prof. Max Howard Sherman, Ph.D (Ex. F-19 Fishlock Class Cert Opposition to MSJ) | N/A |
| 175 | N/A | FC24 Device | N/A |
| 176 | N/A | FC48 Device | N/A |

| Document Date | Bates Identifier | Overlap with GPS? | GPS' Objections (citations to Fed. R.Evidence) |
|---|---|---|---|
| 3/17/2021 | GPSDE_0200052114-GPSDE_0200052115 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, Ken Walker of FCP, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 6/9/2021 | GPSDE_0200233524-GPSDE_0200233525 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties, SMMA and Dynamic Air Corporation, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 1/22/2020 | GPSDE_0200070782 | No | GPS objects to this e-mail as irrelevant under **Fed. R. Evid. 401** based on GPS's position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class that the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS further objects to this e-mail as prejudicial and misleading under **Fed. R. Evid. 403**, as this e-mail does not establish it was sent to a recipient, and therefore any introduction of this e-mail would mislead and confuse a jury, which outweighs its probative value, if any. |
| 1/26/2021 | GPSDE_0200046989-GPSDE_0200046991 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects to this exhibit as prejudicial pursuant to **Fed. R. Evid. 403** since it seeks to introduce an exhibit solely for purposes of misleading the jury, for the same reasons stated in GPS's Reply in Support of its pending Motion for Summary Judgment. |
| 4/5/2021 | GPSDE_0200054229-GPSDE_0200054230 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, Falfurrias Capital Partners, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 7/1/2020 | GPSDE_0200099895 | No | GPS objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 1/26/2021 | GPSDE_0200047024-GPSDE_0200047025 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, Dr. Chen, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 3/9/2020 | GPSDE_0200072126 | No | GPS objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. |

| Date | Bates | | Description |
|---|---|---|---|
| 3/5/2020 | GPSDE_0200072034 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401**, since it does not memorialize any communications regarding the disputes at issue in this lawsuit, and in fact discusses testing and results prior to when any testing against SARS-CoV-2 was available. |
| 2/4/2021 | GPSDE_0200048474-GPSDE_0200048475 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects to this e-mail under **Fed. R. Evid. 401** since it relates to efficacy against SARS-CoV-2, and more specifically, MS2, and therefore, based on the position stated by GPS in prior objections, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties, Trane, EMCOR and Newcomb, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 8/12/2020 | GPSDE_0200270217-GPSDE_0200270220 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it discusses marketing and client development for commercial customers, which is not at issue in this lawsuit. GPS also objects to this exhibit as inadmissible hearsay under **Fed. R. Evid. 802** because it memorializes communications of non-parties. |
| 4/19/2021 | GPSDE_0200056045-GPSDE_0200056048 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, Well Air Solutions, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 3/15/2020 | GPSDE_0200266152-GPSDE_0200266153 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it discusses a potential distributor partnership, which is not at issue in this lawsuit. |
| 11/23/2020 | GPSDE_0200130477 | No | GPS objects on relevance grounds pursuant to Fed. R. Evid. 401 based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 2/4/2021 | GPSDE_0200048459-GPSDE_0200048504 | No | GPS partially objects to this request as it includes the IBA August 2020 test, created by a non-party, and communications of a non-party, Strategies 360, both of which amount to impermissible hearsay under **Fed. R. Evid. 802**. GPS also objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 4/10/2021 | GPSDE_0200054758-GPSDE_0200054759 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. |
| 8/14/2020 | GPSDE_0200270523-GPSDE_0200270524 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it discusses marketing and client development for commercial customers, which is not at issue in this lawsuit. GPS also objects to this exhibit as inadmissible hearsay under Fed. R. Evid. 802 because it memorializes communications of non-parties. |
| 1/26/2020 | GPSDE_0200007119 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it does not discuss any of the testing at issue and does not memorialize any alleged representation made to Plaintiffs. GPS also partially objects to this exhibit as inadmissible hearsay under **Fed. R. Evid. 802** because it memorializes communications of non-parties. |

| Date | Bates | Objection | Text |
|---|---|---|---|
| 1/22/2020 | GPSDE_0200007080 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it does not discuss any of the testing at issue and does not memorialize any alleged representation made to Plaintiffs. GPS also objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. |
| 11/19/2020 | GPSDE_0200129653-GPSDE_0200129655 | No | GPS objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also partially objects to this exhibit as inadmissible hearsay under **Fed. R. Evid. 802** because it memorializes communications of non-parties. |
| 6/26/2020 | GPSDE_0200026225 | No | GPS objects on relevance grounds pursuant to **Fed. R. Evid. 401** based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also objects to this exhibit as inadmissible hearsay under **Fed. R. Evid. 802** because it was created by a third party, service logic. |
| 5/10/2021 | GPSDE_0200189109-GPSDE_0200189111 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 1/24/2020 | GPSDE_0200007103 | No | GPS objects to this e-mail as irrelevant under Fed. R. Evid. 401 based on GPS's position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class that the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS further objects to this e-mail as prejudicial and misleading under Fed. R. Evid. 403, as this e-mail relates to prior feline coronavirus testing, and will serve only to mislead and confuse the jury. GPS also objects to the introduction of this exhibit at trial as it was created by a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 7/15/2020 | GPSDE_0200102362-GPSDE_0200102365 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/9/2020 | GPSDE_0200008083 | No | GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/9/2020 | GPSDE_0200008096-GPSDE_0200008097 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 4/1/2021 | GPSDE_0200166255 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects to the introduction of this exhibit at trial as it was created by a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

3

| Date | Bates No. | Objection | Objection Text |
|---|---|---|---|
| 3/11/2020 | GPSDE_0200008160-GPSDE_0200008161 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/6/2021 | GPSDE_0200054369 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 2/27/2020 | GPSDE_0200008830-GPSDE_0200008855 | No | |
| 10/7/2020 | GPSDE_0200052149 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit on Rule 401 and Rule 403 grounds for the reasons more fully set forth in its Motion in Limine. |
| 3/19/2020 | GPSDE_0200009299-GPSDE_0200009309 | No | GPS partially objects to the introduction of this exhibit at trial as it was created by a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 8/4/2020 | GPSDE_0200030625 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 403 such that it will be introduced solely to mislead and confuse the jury. GPS also partially objects to the introduction of this exhibit at trial as it was created by a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/16/2020 | GPSDE_0200012452-GPSDE_0200012453 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/9/2020 | GPSDE_0200094503 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this e-mail as irrelevant under Fed. R. Evid. 401 based on GPS's position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class that the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 8/30/2020 | GPSDE_0200270964-GPSDE_0200270965 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/4/2020 | GPSDE_0200071972 | No | |
| 4/16/2020 | GPSDE_0200012456-GPSDE_0200012457 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/20/2020 | GPSDE_0200013494 | No | |
| 8/31/2020 | GPSDE_0200035381-GPSDE_0200035385 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

| Date | Bates | Response | Objection |
|---|---|---|---|
| 11/3/2020 | GPSDE_0200125208 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/22/2020 | GPSDE_0200013996-GPSDE_0200013997 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 5/27/2020 | GPSDE_0200130549 | No | |
| 4/27/2020 | GPSDE_0200014698-GPSDE_0200014700 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/5/2021 | GPSDE_0200054242-GPSDE_0200054276 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 10/19/2020 | GPSDE_0200121128-GPSDE_0200121136 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 10/28/2020 | GPSDE_0200271794 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/29/2020 | GPSDE_0200014917-GPSDE_0200014918 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/3/2020 | GPSDE_0200271067-GPSDE_0200271068 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/3/2020 | GPSDE_0200271081-GPSDE_0200271082 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 1/27/2021 | GPSDE_0200047037 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS further objects to this e-mail as prejudicial and misleading under Fed. R. Evid. 403, as this e-mail does not establish any of the potential ideas discussed in the email came to fruition, and therefore any introduction of this e-mail would mislead and confuse a jury, which outweighs its probative value, if any. |
| 5/7/2020 | GPSDE_0200018968-GPSDE_0200019002 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit on Rule 401 and Rule 403 grounds for the reasons more fully set forth in its Motion in Limine. |
| 4/29/2020 | GPSDE_0200014945-GPSDE_0200014946 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/30/2020 | GPSDE_0200039270-GPSDE_0200039274 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

5

| Date | Bates | No. | Objection |
|---|---|---|---|
| 2/24/2021 | GPSDE_0200152873-GPSDE_0200152875 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS further objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 9/4/2020 | GPSDE_0200035816-GPSDE_0200035820 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit on Rule 401 and Rule 403 grounds for the reasons more fully set forth in its Motion in Limine. |
| 3/8/2020 | GPSDE_0200008077 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, byproduct formation, which has been excluded from this case and SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 3/26/2021 | GPSDE_0200163741-GPSDE_0200163743 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 5/6/2020 | GPSDE_0200016109-GPSDE_0200016112 | No | |
| 3/12/2020 | GPSDE_0200266095 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, ozone, an issue which has been excluded from this lawsuit by court order. |
| 3/9/2020 | GPSDE_0200072141 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 5/15/2020 | GPSDE_0200267402-GPSDE_0200267404 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. GPS further objects to this exhibit pursuant to Fed. R. Evid. 401 because the content of the e-mail is not relevant to any subject matter at issue in this lawsuit. |
| 6/10/2020 | GPSDE_0200038754 | No | |
| 5/17/2020 | GPSDE_0200017728-GPSDE_0200017732 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 5/22/2020 | GPSDE_0200019255 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 because the content of the e-mail is not relevant to any subject matter at issue in this lawsuit. |
| 10/2/2020 | GPSDE_0200011742 | No | |
| 6/3/2020 | GPSDE_0200021436-GPSDE_0200021437 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 12/14/2020 | GPSDE_0200135333 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **R. Evid. 802.** |
| 5/29/2020 | GPSDE_0200085699-GPSDE_0200085701 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/4/2020 | GPSDE_0200021453-GPSDE_0200021454 | No | GPS objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/16/2021 | GPSDE_0200170969-GPSDE_0200170971 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/9/2020 | GPSDE_020266092 | No | |

6

| Date | Bates | Yes/No | Objection |
|---|---|---|---|
| 7/4/2020 | GPSDE_0200026904-GPSDE_0200026905 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 1/26/2021 | GPSDE_0200047030 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 8/18/2020 | GPSDE_0200107314 | No | |
| 7/26/2020 | GPSDE_0200029391-GPSDE_0200029392 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 6/26/2020 | GPSDE_0200026145 | No | GPS objects on relevance grounds pursuant to Fed. R. Evid. 401 based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. |
| 5/1/2020 | GPSDE_0200015250-GPSDE_020001253 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 9/6/2020 | GPSDE_0200036080-GPSDE_0200036113 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including financial information and business strategy pertaining to a non-party, FCP. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 4/16/2020 | GPSDE_0200012454-GPSDE_0200012455 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 7/27/2020 | GPSDE_0200029465-GPSDE_0200029467 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/7/2021 | GPSDE_0200054445 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 7/27/2020 | GPSDE_0200029539-GPSDE_0200029541 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 11/15/2021 | GPSDE_0200280473-GPSDE_0200280474 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 9/16/2020 | GPSDE_0200037243-GPSDE_0200037250 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 7/28/2020 | GPSDE_0200029680-GPSDE_0200029684 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, ASHRAE school standards. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 11/11/2020 | GPSDE_0200127434 | No | GPS objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 8/14/2020 | GPSDE_0200270523-GPSDE_0200270524 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

7

| 2/1/2021 | GPSDE_0200144469 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
|---|---|---|---|
| 11/4/2020 | GPSDE_0200125359 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 8/15/2020 | GPSDE_0200107041-GPSDE_0200107044 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/16/2020 | GPSDE_0200024723-GPSDE_0200024724 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above. is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 1/20/2021 | GPSDE_0200141634-GPSDE_0200141636 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of non-parties and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 8/3/2021 | GPSDE_0200255683 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. |
| 7/31/2020 | GPSDE_0200030221-GPSDE_0200030222 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it relates to an irrelevant subject matter, including without limitation, a non-party author of an article that constitutes hearsay pursuant to Fed. R. Evid. 802. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 1/19/2021 | GPSDE_0200140537 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects on relevance grounds pursuant to Fed. R. Evid. 401 based on its position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class, the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. |
| 9/3/2020 | GPSDE_0200035702-GPSDE_0200035703 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including financials that are not at issue in this stage of the lawsuit. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 6/30/2021 | GPSDE_0200066739 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS further objects to this exhibit pursuant to Fed. R. Evid. 403 as prejudicial such that its introduction will only create confusion among, and mislead the jurors, and unfairly prejudice GPS. |
| 9/3/2020 | GPSDE_0200035704-GPSDE_0200035735 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and it also relates to subject matter not at issue. |
| 9/8/2020 | GPSDE_0200036158 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including a lender presentation, which is not at issue in this lawsuit. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. GPS also objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/8/2020 | GPSDE_0200036301-GPSDE_0200036303 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including a lender presentation, which is not at issue in this lawsuit. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. GPS also objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

| Date | Bates | | Objection |
|---|---|---|---|
| 5/13/2021 | GPSDE_0300003841 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 10/7/2020 | GPSDE_0200039657-GPSDE_0200039703 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including a management presentation, which is not at issue in this lawsuit. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 7/2/2021 | GPSDE_0200245195-GPSDE_0200245200 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/17/2020 | GPSDE_0200024813 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 5/7/2020 | GPSDE_0200018985 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, marketing strategies. |
| 11/17/2020 | GPSDE_0200042844-GPSDE_0200042867 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, internal strategy and comments on which Plaintiffs did not rely nor have access to prior to filing this lawsuit and engaging in discovery. |
| 3/12/2021 | GPSDE_0200159498 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 2/22/2021 | GPSDE_0200049716-GPSDE_0200049721 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/10/2020 | GPSDE_0200095944 | No | |
| 6/9/2020 | GPSDE_0200094088 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 5/7/2020 | GPSDE_0200019001 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, marketing strategies. |
| 2/22/2021 | GPSDE_0200049723-GPSDE_0200049728 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802**. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 7/9/2020 | GPSDE_0200101623 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/12/2021 | GPSDE_0200051207-GPSDE_0200051208 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/15/2020 | GPSDE_0200037125 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

9

| Date | Bates | | Objection |
|---|---|---|---|
| 3/12/2021 | GPSDE_0200051231-<br>GPSDE_0200051233 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. GPS also objects partially to the introduction of this exhibit as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 9/17/2020 | GPSDE_0200037425 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, ion levels. |
| 1/25/2021 | GPSDE_0200046980 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. GPS also objects partially to the introduction of this exhibit as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/12/2021 | GPSDE_0200051237-<br>GPSDE_0200051239 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. GPS also objects partially to the introduction of this exhibit as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 4/17/2007 | GPSDE_0200277475 | No | GPS objects to the introduction of this exhibit at trial as it is a study by non-parties published by a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 3/17/2021 | GPSDE_0200052164-<br>GPSDE_0200052165 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. GPS also objects partially to the introduction of this exhibit as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 11/5/2020 | GPSDE_0200042437-<br>GPSDE_0200042444 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rule 403 as highly prejudicial as the jury will interpret this to serve as expert testimony, which is improper as this exhibit predates his expert engagement in this lawsuit. GPS further objects to this e-mail as irrelevant under Fed. R. Evid. 401 based on GPS's position that following the Court's resolution of GPS's pending Motion for Summary Judgment and Fishlock's pending Motion to Certify a Class that the sole issue for trial will relate to GPS's alleged statements regarding the independence of Innovative Bioanalysis test results commissioned by a third party in 2020. Accordingly, any e-mail correspondence regarding the efficacy of GPS's technology against SARS-CoV-2 is not relevant to this lawsuit. |
| 10/4/2020 | GPSDE_0200039456 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, competition in the IAQ market and SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. |
| 12/15/2020 | GPSDE_0200135572 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, competition in the IAQ market and SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects to the introduction of this exhibit at trial as it is nonparty advertising and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 6/5/2019 | GPSDE_0200068243-<br>GPSDE_0200068294 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to a pre-pandemic time period |
| 3/31/2021 | GPSDE_0200053821-<br>GPSDE_0200053852 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020) and concerns subject matter not at issue. |
| 1/19/2021 | GPSDE_0200272387-<br>GPSDE_0200272389 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS further objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 5/21/2021 | GPSDE_0200063094-<br>GPSDE_0200063096 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it is memorializing communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |

| Date | Bates | | Objection |
|---|---|---|---|
| 3/23/2021 | GPSDE_0200280718 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. |
| 5/23/2021 | GPSDE_0300002141-GPSDE_0300002143 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 6/30/2021 | GPSDE_0200066740 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| N/A | GPSDE_0200280875-GPSDE_0200280884 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as Charles Waddell's employment and the terms thereof, have no relation to the facts or issues in dispute. |
| 10/21/2020 | GPSDE_0200271686 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 5/28/2020 | GPSDE_0200280527-GPSDE_0200280533 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, business relations between GPS and a third party. |
| 11/23/2020 | GPSDE_0200130488 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. |
| 1/26/2021 | GPSDE_0200046989 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects to this exhibit as prejudicial pursuant to **Fed. R. Evid. 403** since it seeks to introduce an exhibit solely for purposes of misleading the jury, for the same reasons stated in GPS's Reply in Support of its pending Motion for Summary Judgment. GPS further objects on Rule 403 grounds as it attempts to present cumulative and/or duplicative evidence. |
| 4/19/2021 | GPSDE_0200171550-GPSDE_0200171554 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. |
| 4/19/2021 | GPSDE_0200273424 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 5/12/2021 | GPSDE_0200190476-GPSDE_0200190488 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. |
| 3/11/2021 | GPSDE_0200159185 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. |
| 6/10/2020 | GPSDE_0200095667 | No | GPS partially objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |

| Date | Bates | | Objection |
|---|---|---|---|
| 10/7/2020 | GPSDE_0200052146-GPSDE_0200052148 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| N/A | GPSDE_0200278033 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 8/25/2020 | GPSDE_0200034118-GPSDE_0200034120 | No | GPS partially objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 1/30/2020 | GPSDE_0200278058 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 12/2/2020 | GPSDE_0200132673 | No | GPS partially objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 9/15/2021 | GPSDE_0300006728-GPSDE_0300006729 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter, and is additionally irrelevant because any issue pertaining to byproducts has been excluded from this lawsuit. |
| 2/26/2021 | GPSDE_0200049957 | No | GPS objects to this exhibit as irrelevant pursuant to Fed. R. Evid. 401 since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under Fed. R. Evid. 802. |
| 10/7/2020 | GPSDE_0200052156 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 5/31/2020 | GPSDE_0200085822-GPSDE_0200085828 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, byproducts, which has been excluded from this lawsuit. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 8/12/2020 | GPSDE_0200270217-GPSDE_0200270220 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it discusses marketing and client development for commercial customers, which is not at issue in this lawsuit. GPS also objects to this exhibit as inadmissible hearsay under **Fed. R. Evid. 802** because it memorializes communications of non-parties. |
| 7/22/2020 | GPSDE_0200029130 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 9/2/2020 | GPSDE_0200035565-GPSDE_0200035569 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, byproduct formation which has been excluded from this case, and competition in the IAQ market, which is irrelevant. GPS also objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 7/24/2020 | GPSDE_0200029239 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 12/1/2020 | GPSDE_0200278166 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter. GPS also objects to this exhibit pursuant to Rules 401 and 403 as set forth more fully in its forthcoming Motion in Limine. |
| 9/2/2020 | GPSDE_0200035618-GPSDE_0200035623 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above. is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 11/11/2020 | GPSDE_0200127433 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |

12

| 10/23/2017 | GPSDE_0200155634 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 9/3/2020 | GPSDE_0200271067-GPSDE_0200271068 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects partially to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 3/16/2021 | GPSDE_0200160384-GPSDE_0200160385 | No | GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. |
| 10/9/2020 | GPSDE_0200039993-GPSDE_0200039995 | No | GPS objects to this exhibit pursuant to Fed. R. Evid. 401 as it relates to an irrelevant subject matter, including without limitation, SARS-COV-2 efficacy, which pursuant to GPS's position stated above, is not relevant. GPS also objects to the introduction of this exhibit at trial as it memorializes communications of a non-party, and therefore amounts to inadmissible hearsay under **Fed. R. Evid. 802.** |
| 6/5/2023 | | No | GPS objects to this Complaint as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects to this Complaint under Rule 403 as it seeks to introduce non-evidence solely to mislead the jury and create confusion among the issues. |
| 10/31/2022 | | No | GPS objects to this declaration and attachments thereto as irrelevant pursuant to **Fed. R. Evid. 401**, as it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit, and additionally relates to an irrelevant subject matter. GPS also objects to this declaration and the attachments thereto as inadmissible hearsay pursuant to |
| 10/24/2018 | | No | GPS objects under Rule 403 as this document has not been produced. |
| 11/17/2022 | | No | GPS objects to this letter as hearsay pursuant to **Fed. R. Evid. 802** as it is a letter from plaintiff's attorney, who is not a testifying witness. |
| 10/27/2023 | | Partial | GPS objects to the attempt to wholesale designate a deposition transcript and exhibits. Plaintiffs should separately identify each relevant exhibit. GPS further objects to the wholesale designation of this transcript and all exhibits as needlessly cumulative pursuant to Fed. R. Evid. 403. |
| 10/24/2023 | | Partial | GPS objects to this deposition as irrelevant pursuant to **Fed. R. Evid. 401** because it relates solely to byproducts, which are not at issue in any case. GPS further objects to the wholesale designation of this transcript and all exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 4/24/2023 | | Partial | GPS objects to the attempt to wholesale designate a deposition transcript and exhibits. Plaintiffs should separately identify each relevant exhibit. GPS further objects to the wholesale designation of this transcript and all exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 1/21/2025 | | No | GPS objects to the attempt to wholesale designate a deposition transcript and exhibits. Plaintiffs should separately identify each relevant exhibit. GPS further objects to the wholesale designation of this transcript and all exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 12/4/2024 | | No | GPS objects to the wholesale designation of discovery responses as highly confusing to the jury under **Fed. R. Evid 403**. If plaintiffs plan to introduce particular discovery responses, they must identify the specific discovery responses which they contend are relevant and admissible in this matter. GPS further objects to the wholesale designation of these discovery responses as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 1/21/2025 | | No | GPS objects to the wholesale designation of discovery responses as highly confusing to the jury under **Fed. R. Evid 403**. If plaintiffs plan to introduce particular discovery responses, they must identify the specific discovery responses which they contend are relevant and admissible in this matter. GPS further objects to the wholesale designation of these discovery responses as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |

| Date | | Objection |
|---|---|---|
| 3/26/2025 | No | GPS objects to the wholesale designation of discovery responses as highly confusing to the jury under **Fed. R. Evid 403**. If plaintiffs plan to introduce particular discovery responses, they must identify the specific discovery responses which they contend are relevant and admissible in this matter. GPS further objects to the wholesale designation of these discovery responses as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 6/3/2023 | Yes | GPS objects to this report as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. |
| 6/5/2023 | No | GPS objects to this report as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. |
| 11/13/2023 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 10/20/2023 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 3/10/2025 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 10/30/2023 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 11/20/2023 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 3/10/2025 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 3/24/2025 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 3/31/2025 | No | GPS objects to this declaration as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. GPS further objects to the attempt to wholesale designate all of a declarations exhibits without specifically identifying each exhibit which plaintiffs wish to offer. GPS further objects to the wholesale designation of these exhibits as needlessly cumulative pursuant to **Fed. R. Evid. 403**. |
| 10/28/2024 | No | GPS objects to this article as inadmissible hearsay pursuant to **Fed. R. Evid. 802**. This article is written by a nonparty who is not expected to testify. |

14

| Date | | Objection |
|---|---|---|
| 11/8/2022 | No | GPS objects to this article as inadmissible hearsay pursuant to **Fed. R. Evid. 802.** This article is written by a nonparty who is not expected to testify. |
| 12/14/2022 | No | GPS objects to this transcript as irrelevant pursuant to **Fed. R. Evid. 401.** This deposition transcript relates to a different lawsuit. This transcript is also highly prejudicial pursuant to **Fed. R. Evid. 403.** GPS further objects to the wholesale designation of this transcript and as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 10/27/2023 | Partial | GPS objects to the attempt to wholesale designate a deposition video as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 10/24/2023 | Partial | GPS objects to this deposition as irrelevant pursuant to **Fed. R. Evid. 401** because it relates solely to byproducts, which are not at issue in any case. GPS objects to the attempt to wholesale designate a deposition video as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 5/21/2020 | No | GPS objects to this exhibit to the extent that if plaintiffs intend to offer excerpts as opposed to the entire video they have failed to provide such excerpts. GPS further objects to this webinar as irrelevant pursuant to **Fed. R. Evid. 401** as it relates to claims no longer at issue in this case, including byproducts and covid efficacy. GPS attempts to the extent this is an attempt to designate this entire webinar as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 3/24/2021 | No | GPS objects to this exhibit to the extent that if plaintiffs intend to offer excerpts as opposed to the entire video they have failed to provide such excerpts. GPS further objects to this webinar as irrelevant pursuant to **Fed. R. Evid. 401** as it relates to claims no longer at issue in this case, including byproducts and covid efficacy. GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** since it post-dates the date on which Fishlock purchased the GPS Device (December 18, 2020), and is therefore irrelevant to any fact, issue, claim or defense in this lawsuit. GPS also objects pursuant to **Fed. R. Evid. 802** to the extent this is a video created by a nonparty and to the extend plaintiffs attempt to offer statements made by nonparties in this video. GPS attempts to the extent this is an attempt to designate this entire webinar as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 6/17/2020 | No | GPS objects to this exhibit to the extent that if plaintiffs intend to offer excerpts as opposed to the entire video they have failed to provide such excerpts. GPS further objects to this webinar as irrelevant pursuant to **Fed. R. Evid. 401** as it relates to claims no longer at issue in this case, including byproducts and covid efficacy. GPS attempts to the extent this is an attempt to designate this entire webinar as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| 5/21/2020 | No | GPS objects to this exhibit to the extent that if plaintiffs intend to offer excerpts as opposed to the entire video they have failed to provide such excerpts. GPS further objects to this webinar as irrelevant pursuant to **Fed. R. Evid. 401** as it relates to claims no longer at issue in this case, including byproducts and covid efficacy. GPS objects to this exhibit as irrelevant pursuant to **Fed. R. Evid. 401** as it contains statements made to industry professionals, not consumers such as plaintiffs. GPS attempts to the extent this is an attempt to designate this entire webinar as needlessly cumulative pursuant to **Fed. R. Evid. 403.** |
| N/A | No | |
| N/A | No | |

# EXHIBIT P3

## <u>PLAINTIFF'S PROPOSED DEPOSITION DESIGNATIONS</u>

<u>EXCERPTS FROM DEPOSITION OF JOHN M.E. STOREY</u>
P.5 L.17-P.7 L.24
P.8 L.22-P.10 L16
P.21 L.5-P.21 L.11
P.21 L.23-P.22 L 13
P. 26 L. 23-L.25
P. 27 L. 1-9
P. 29 L.5-23
P. 30 L. 24--P. 31 L 21
P. 31 L.21 -P. 32 L. 24
P. 25 L. 32-P. 33 L2
P. 33 L.3- P. 33 L.11
P. 33 L. 14-P. 33 L. 24
P. 36 L. 2- P. 36 L.4
P. 36 L. 15-P. 36 > 20
P. 37 L. 13-P. 37-L. 24
P. 53 L. 18-P. 54 L. 13
P. 54 L. 11-P. 54 L. 16
P. 56 L. 11-P. 57 L.7
P. 57 L. 17-P.58 L.9
P.58 L. 11- P. 58 L. 19
P.59 L.23-P.60 L.11
P.62 L.24-P. 63 L.8
P.63 L.16-P. 64 L. 4

EXCERPTS FROM DEPOSITION OF CHARLES H. WADDELL

P.9 L.10-P.10 L.21
P.11 L.1-P.11 L.25
P.12 L.9-P.12 L.18
P.13 L.13-P.13 L.23
P.14 L.2-P.14 L.9
P.15 L.5-P.15 L.22
P.16 L.7-P.16 L.24
P.17 L.9-P.17 L.24
P.18 L.1-P.19 L.10
P.20 L.8-P.20 L.18
P.21 L.1-P.26 L.25
P.27 L.1-P.27 L.4
P.27 L.13-P.28 L.25
P.29 L.1-P.29 L.3
P.29 L.10-P.29 L.25
P.30 L.1-P.30 L.3
P.30 L.16-P.30 L.21
P.31 L.8-P.31 L.23
P.34 L.4-P.34 L.25
P.35 L.1-P.35 L.20
P.36 L.1-P.36 L.13
P.36 L.18-P.36 L.25
P.37 L.1-P.37 L.4
P.37 L.17-P.37 L.25
P.38 L.1-P.38 L.10
P.38 L.15-P.38 L.24
P.39 L.10-P.40 L.23
P.41 L.2-P.41 L.4
P.41 L.9-P.41 L.21
P.42 L.3-P.42 L.6
P.42 L.19-P.44 L.2
P.46 L.12-P.46 L.15
P.46 L.23-P.47 L.15
P.48 L.15-P.50 L.10
P.51 L.2-P.51 L.10
P.51 L.18-P.51 L.25
P.52 L.9-P.52 L.18
P.52 L.22-P.53 L.11
P.53 L.14-P.54 L.8
P.55 L.4-P.55 L.17
P.55 L.21-P.56 L.19
P.57 L.1-P.57 L.10
P.57 L.21-P.57 L.25
P.58 L.5-P.58 L.9
P.58 L.19-P.59 L.1
P.59 L.19-P.59 L.23

P.60 L.12-P.61 L.23
P.62 L.10-P.62 L.24
P.63 L.6-P.63 L.9
P.63 L.13-P.64 L.3
P.65 L.15-P.66 L.12
P.66 L.16-P.67 L.17
P.67 L.25-P.69 L.7
P.69 L.19-P.70 L.25
P.71 L.19-P.73 L.25
P.74 L.4-P.74 L.25
P.75 L.9-P.75 L.21
P.76 L.8-P.77 L.3
P.77 L.9-P.78 L.4
P.78 L.14-P.78 L.18
P.78 L.24-P.78 L.25
P.79 L.6-P.79 L.25
P.80 L.8-P.83 L.10
P.83 L.15-P.84 L.6
P.84 L.13-P.87 L.7
P.87 L.13-P.88 L.1
P.88 L.5-P.88 L.25
P.89 L.10-P.89 L.19
P.89 L.24-P.90 L.11
P.90 L.17-P.90 L.19
P.93 L.15-P.93 L.19
P.94 L.7-P.94 L.16
P.94 L.23-P.95 L.13
P.95 L.23-P.97 L.5
P.97 L.8-P.98 L.11
P.98 L.15-P.101 L.21
P.102 L.2-P.108 L.5
P.108 L.9-P.109 L.6
P.109 L.9-P.112 L.14
P.112 L.21-P.114 L.10
P.114 L.19-P.115 L.6
P.115 L.21-P.118 L.1
P.118 L.12-P.121 L.2
P.121 L.18-P.141 L.7
P.141 L.15-P.144 L.20
P.145 L.12-P.160 L.5
P.160 L.13-P.164 L.4
P.167 L.22-P.168 L.6
P.168 L.17-P.169 L.18
P.169 L.22-P.170 L.6
P.170 L.14-P.172 L.9
P.172 L.16-P.173 L.23
P.196 L.16-P.197 L.25

# EXHIBIT D1

**EXHIBIT    – GPS'S STATEMENT OF ISSUES OF FACT AND LAW THAT REMAIN TO BE LITIGATED**

**A. <u>Contested Issues of Fact</u>**

1. Whether GPS made a false statement regarding the independence of testing commissioned by a third party in 2020.

2. Whether Plaintiffs relied on GPS's statements regarding the independence of testing commissioned by a third party in 2020.

3. Whether GPS knew its statements regarding the independence of testing commissioned by a third party in 2020 were false or was recklessly indifferent to the truth of that statement.

**B. <u>Contested Issues of Law</u>**

1. Whether Garner has shown by clear and convincing evidence that GPS's statements regarding the independence of testing commissioned by a third party in 2020 were false.

2. Whether Fishlock has shown by a preponderance of the evidence that GPS's statements regarding the independence of testing commissioned by a third party in 2020 were false.

3. Whether Garner has shown by clear and convincing evidence that he relied on GPS's statements regarding the independence of testing commissioned by a third party in 2020.

4. Whether Fishlock has shown by a preponderance of the evidence that he relied on GPS's statements regarding the independence of testing commissioned by a third party in 2020.

5.  Whether Garner has shown by clear and convincing evidence that GPS knew its statements regarding the independence of testing commissioned by a third party in 2020 were false or was recklessly indifferent as to the truth of that representation.

6.  Whether Fishlock has shown by a preponderance of the evidence that GPS knew its statements regarding the independence of testing commissioned by a third party in 2020 were false or was recklessly indifferent as to the truth of that representation.

# EXHIBIT D2

| Exhibit Number | Document Date | Document Description | Bates Identifier |
|---|---|---|---|
| 1 | 2/20/2020 | Amended Class Action Complaint filed in *Lisowski, et al. v. Henry Thayer Co.*, USDC Western District of Pennsylvania, No. 2:19-cv-01339-MJH, D.I. 5 | N/A |
| 2 | 8/7/2020 | Innovative Bioanalysis Test Report titled "SARS-CoV-2 Neutralization by Needlepoint Bipolar Ionization, Powered by GPS NPBI™ Technology" | GPSDE_0200031044-GPSDE_0200031056 |
| 3 | 1/4/2021 | Innovative Bioanalysis Test Report titled "High Viral Load SARS-CoV-2 Viral Reduction Through Ionization" | GPSDE_0200045689-GPSDE_0200045702 |
| 4 | 1/4/2021 | Innovative Bioanalysis Test Report titled "High Viral Load SARS-CoV-2 Viral Reduction Through Ionization" | GPSDE_0200046043-GPSDE_0200046056 |
| 5 | 2/2/2021 | Innovative Bioanalysis Test Report titled "SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS iMOD" | GPSDE_0200047945-GPSDE_0200047957 |
| 6 | 3/12/2021 | Innovative Bioanalysis Test Report titled "SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS iMOD® (iMOD)" | GPSDE_0100000813-GPSDE_0100000826 |
| 7 | 3/13/2021 | Innovative Bioanalysis Test Report titled "SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS FC48-AC (FC48)" | GPSDE_0100000799-GPSDE_0100000812 |
| 8 | 3/18/2021 | Innovative Bioanalysis Test Report titled "AEROSOL SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS FC48-AC [FC48]" | GPSDE_0100001027-GPSDE_0100001038 |
| 9 | 3/24/2021 | Plaintiff Robert Garner's Production - compilation of emails between HVAC & Air Purifiers Direct and Robert Garner re: purchase of system | GPS000001-GPS000010 |
| 10 | 3/28/2021 | Innovative Bioanalysis Test Report titled "SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS iMOD® (iMOD)" | GPSDE_0100001144-GPSDE_0100001157 |
| 11 | 8/24/2021 | Revised Innovative Bioanalysis Test Report titled "AEROSOL SARS-CoV-2 USA-CA1/2020 NEUTRALIZATION BY GPS FC48-AC (FC48)" | GPSDE_0200000084-GPSDE_0200000095 |
| 12 | 8/24/2021 | Innovative Bioanalysis Test Report titled "AEROSOL SARS-CoV-2USA-CA1/2020 NEUTRALIZATION BY GPS FC48-AC (FC48)" | IBI_00224-IBI_00235 |
| 13 | 11/8/2021 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST SARS-COV-2 DELTA VARIANT" | IBI_00093-IBI_00104 |
| 14 | 4/5/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST SARS-COV-2 DELTA VARIANT" | GPSDE_0300006909-GPSDE_0300006920 |
| 15 | 5/27/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED SARS-COV-2" | GPSDE_0300007090-GPSDE_0300007103 |
| 16 | 5/27/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED SARS-COV-2" | IBI_00119-IBI_00132 |
| 17 | 6/23/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE iWAVE®-R AGAINST AEROSOLIZED INFLUENZA A" | GPSDE_0300007050-GPSDE_0300007062 |
| 18 | 6/23/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE iWAVE®-R AGAINST AEROSOLIZED SARS-COV-2 DELTA" | GPSDE_0300007063-GPSDE_0300007075 |
| 19 | 6/27/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST SARS-COV-2" | IBI_00133-IBI_00146 |
| 20 | 7/6/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED INFLUENZA A" | GPSDE_0300007146-GPSDE_0300007159 |
| 21 | 7/6/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST RESPIRATORY SYNCYTIAL VIRUS (RSV)" | GPSDE_0300007174-GPSDE_0300007187 |
| 22 | 7/12/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST SARS-COV-2 DELTA VARIANT" | GPSDE_0300007132-GPSDE_0300007145 |
| 23 | 7/12/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED INFLUENZA B" | GPSDE_0300007160-GPSDE_0300007173 |
| 24 | 7/25/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED SARS-COV-2" | GPSDE_0300007076-GPSDE_0300007089 |
| 25 | 7/25/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST SARS-COV-2" | IBI_00147-IBI_00160 |
| 26 | 8/24/2022 | Innovative Bioanalysis Test Report titled "EFFICACY OF THE GPS-FC48-AC™ AGAINST AEROSOLIZED SARS-COV-2" | GPSDE_0300007118-GPSDE_0300007131 |
| 27 | 6/24/2023 | ASHRAE Standard 241-2023 Control of Infectious Aerosols | N/A |
| 28 | 8/7/2023 | Responsive Expert Report of Lyle D. Burgoon, Ph.D., ATS | N/A |
| 29 | N/A | CADR test data calculations using ACE IT tool | N/A |
| 30 | N/A | CADR test data calculations using ACE IT tool | N/A |
| 31 | N/A | CADR test data calculations using ACE IT tool | N/A |
| 32 | N/A | CADR test data calculations using ACE IT tool | N/A |
| 33 | N/A | CADR test data calculations using ACE IT tool | N/A |

| 34 | N/A | CADR test data calculations using ACE IT tool | N/A |
|----|-----|-----------------------------------------------|-----|
| 35 | N/A | CADR test data calculations using ACE IT tool | N/A |
| 36 | 6/3/2020 | Innovative Bioanalysis Test Report titled "SARS - CoV - 2 Neutralization by Needlepoint Bipolar Ionization, Powered by GPS" | GPSDE_0200028418-GPSDE 0200028422 |
| 37 | 4/4/2013 | Letter from Green Clean Air to OCI Associates, Inc. re: Bi-Polar Ionization System — Post-installation Assessment, Valencia College, 12350 Narcoossee Road, Orlando, FL 32832 | GPSDE_0200046992-GPSDE_0200047023 |
| 38 | 12/18/2020 | Invoice from R. Brooks Mechanical Heating & Air Conditioning Inc. to Plaintiff Keith Fishlock for installation of GPS-24-FC Ionization system | Fishlock_GPS_1_000040 |
| 39 | 12/18/2020 | Invoice from R. Brooks Mechanical Heating & Air Conditioning Inc. to Plaintiff Keith Fishlock for installation of GPS-24-FC Ionization system | R.Brooks_Subp_Resp_000001-2 |
| 40 | 10/11/2022 | Power of Attorney and Employment Agreement between Keith and Lynn Fishlock and Reich & Binstock, LLP, The Mills Law Firm, PLLC, and the Keeton Law Firm, LLC | FISHLOCK_GPS_1_000017-FISHLOCK_GPS_1_000019 |
| 41 | 11/17/2022 | Notice of breach letter from Reich and Binstock, LLP to Global Plasma Solutions, Inc. | N/A |

# EXHIBIT D3

**EXHIBIT│ – GPS'S BRIEF STATEMENT OF INTENDED PROOF**

Pursuant to L.R. 16.3(c)(9), GPS respectfully submits the following brief statement of what it intends to prove as defenses. By submitting this statement, GPS is not waiving any rights to amend or supplement its submission after considering Plaintiffs' submissions during the trial. By including an issue herein, GPS does not assume the burden of proof or production with regard to that issue.

**I.    Fraudulent Misrepresentation – Independent Testing**

    **a.    No Misrepresentation**

Plaintiffs bear the burden to show that GPS made a misrepresentation regarding the independence of testing commissioned by a third party in 2020. Plaintiffs have not met this burden.

    **b.    No Reliance**

Plaintiffs bear the burden to show that they relied on a misrepresentation by GPS regarding independence of testing commissioned by a third party in 2020. Plaintiffs have not met this burden.

    **c.    No Requisite Mental State**

Plaintiffs bear the burden to show that GPS made false statements regarding the regarding the independence of testing commissioned by a third party in 2020 either knowing such statements were false or with reckless disregard to the truth of such statements. Plaintiffs have not met this burden.

**II.    Delaware Consumer Fraud Act – Independent Testing**

    **a.    No Misrepresentation**

Fishlock bears the burden to show that GPS made a misrepresentation regarding the independence of testing commissioned by a third party in 2020. Fishlock has not met this burden.

### b. No Causation

Fishlock bears the burden to show that there is a causal relationship between a representation regarding the independence of testing commissioned by a third party in 2020 and his ascertainable loss. Fishlock has not met this burden.